# WHEELING.

## ROBRECHT v. WHARTON.

Submitted June 2, 1887—Decided June 25, 1887.

1. APPEAL—INJUNCTION.

By the statute in force on the 17th of April, 1875, when the appeal in this cause was granted, there was no authority to grant an

appeal from an order granting or refusing to dissolve an injunction. The appeal was therefore improvidently granted and is here dismissed.

2. APPEAL—INJUNCTION—CHANGING POSSESSION OF PROPERTY.

When one has taken forcible possession of premises, and an injunction is granted staying his hand and forbidding him] to-ˢ.do anything farther and directing him to permit the plaintiff in the injunction to cultivate the land, this is not an order " changing the possession of the property " within the meaning of section 1, chapter 17 of the Acts of 1872–3.

*W. P. Hubbard* and *J. E. McKennan* for appellant.

*R. White* for appellee.

JOHNSON, PRESIDENT :

On the 3d of April, 1875, John Robrecht filed his bill in the Circuit Court of Ohio county against Silas W. Wharton alleging, that for many years one Elijah Marling, senior, had been the owner of a valuable farm in said county, containing 400 acres, which for about fifteen years he had rented to plaintiff renewing the lease either verbally or in writing from time to time; that for some years he had held the property as the tenant of said Marling under a verbal lease from year to year; that on the 1st day of April, 1875, he was lawfully in possession of said farm and was entitled to hold it as such tenant until the 1st day of April, 1876, with an agreement with the said Marling, that he should so hold it; that relying on said verbal lease with said Marling he had made costly improvements and repairs, which he would not have made but for such lease ; that being so lawfully in possession on the 1st day of April, 1875, one "Silas W. Wharton did by force of arms unlawfully enter upon and take forcible posession of the same premises belonging to your orator as aforesaid and now has and holds forcible possession of all the personal property of your orator heretofore mentioned, and refuses to allow your orator to remain in possession of the said premises or to care for and protect the said personal property ; and your orator alleges, that the said Wharton is a trespasser and without any authority from the said Marling or your orator or any person whatsoever, has taken possession of said premises and said personal prop-

erty, and your orator has good reason to fear, that great and irreparable injury will be done to said premises; that he had relied on keeping the farm another year and had made no other provisions for his stock, &c.; that by the terms of his lease he was to pay to said Marling, his lessor, $900.00; that but for the action of said Wharton he would have realized large profits from the cultivation of said farm; that he relied solely on the products of the farm for the means to pay his rent, &c.; that the trespass is a peculiar one, and he can obtain no redress in an action at law. He charges, that Wharton is insolvent.

The prayer of the bill is: "that the said Silas W. Wharton be made defendant hereto and be required to answer each and every allegation hereof fully and particularly upon oath; and that he be restrained and prohibited by order of the court from using, cultivating or farther trespassing upon the premises of your orator and from any control or custody of said personal property; and that the premises aforesaid and said personal property be restored to your orator; and that said Silas W. Wharton be restrained from interfering with your orator in the cultivation by him of said premises and in the care, management and control of said personal property by your orator;" and for general relief.

The judge granted the injunction in the following order:—
"Injunction granted as prayed for, the complainant to first give bond with security in the penalty of $300.00 conditioned for the payment of all costs and damages consequent upon this order." This endorsement was made April 2, 1875. The bond was given and the clerk endorsed on the process the following: "The object of this suit is to enjoin and restrain Silas W. Wharton from using, cultivating or further trespassing upon the premises in the bill in this cause mentioned * * * and to enjoin and restrain the said Wharton from interfering with or controlling the personal property of the said complainant on said premises and from interfering with the said complainant in the use and enjoyment of the said premises and personal property."

The defendant answered the bill denying that he was at all interfering with the personal property of the plaintiff. He denied, that the plaintiff had any verbal lease of the

farm for the year commencing April 1, 1875, and avers, that
he himself had a written lease from said Marling for said
year; and that notice from said Marling had been served on
said plaintiff, that he would be required to surrender the
possession of the farm on the 1st day of April, 1875.   The
said defendant further denies, that he took forcible pos-
session, and avers, that he took peaceable possession under
his lease, which he exhibits, bearing date August 4, 1874,
and leasing the farm to Wharton for the year commencing
April 1, 1875, for the sum of $1,000.00.   The rent from
Robrecht the previous year was $900.00.

Affidavits were filed and on the 7th day of April, 1875, a
motion to dissolve the injunction was heard in vacation;
and the court overruled the motion.   On the 17th day of
April, 1875, one of the judges of this Court granted an ap-
peal from and *supersedeas* to these two orders, the bond be-
ing fixed at $4,000.00, the judge in the order saying:—"It
seems to me, that the order of injunction made in the cause
in said petition mentioned does in effect, if not expressly, ·
require a change of the possession of at least the tract of
land in the petition and said record mentioned; and it now
seems to me, that the order granting the injunction together
with the order of the judge overruling the motion of the pe-
titioner, Silas W. Wharton, to dissolve the injunction must
surely operate to that effect, if the order of injunction as
given is obeyed."

For some reason unknown to us this cause has been pend-
ing in this Court more than twelve years, and no order made
therein except orders of continuance until the present term,
when the cause was submitted.   A motion was made to dis-
miss the appeal and *supersedeas*, because improvidently
awarded.   This raises the question, whether the orders en-
tered in the court below are appealable.   By the Code of
1868 appeals were allowed "in any case in chancery, wherein
there is a decree or order *granting* or *dissolving* an injunc-
tion or requiring money to be paid or the possession or title
of property to be changed or adjudicating the principles of
the cause."   (Code, chap. 135, sec. 1, subdivision 7, p. 639.)
By the 7th subdivision of section 1, chap. 17 of the Acts of
1872-3, p. 56, an appeal was allowed to an order dissolving

an injunction. It provides: "In a case in chancery, wherein there is a decree or order dissolving an injunction or requiring money to be paid or the possession or title of property to be paid" an appeal should be granted. By the 7th subdivision of sec. 1 of chap. 157 of the Acts of 1882, it is provided, that an appeal shall be granted "in any case in chancery, wherein there is a decree or order dissolving or refusing to dissolve an injunction or requiring money to be paid or real estate to be sold or the possession or title of property to be changed or adjudicating the principles of the cause."

It thus very clearly appears, that by the Act of 1872–3, which was the statute in force, when this appeal was granted, no appeal could properly be granted from an order granting or refusing to dissolve an injunction. It is therefore apparent, that the second order, here appealed from, refusing to dissolve an injunction was not appealable, at the time the appeal was taken. It is just as clear, that at that time no appeal could properly be allowed from the first order granting the injunction, for the simple reason that it did grant the injunction. It is claimed, however, that this order not only granted the injunction, but that it also " changed the possession of the property." If it did this, it was appealable; but did it change the possession of the property? It certainly did not do so in terms; but, it is claimed, it did so in effect. The injunction was granted in general terms according to the prayer of the bill. The bill, it is true, prayed, that the property be " restored " to the plaintiff; but this was not a part of the prayer for the injunction. It was what the plaintiff desired the court to do on the hearing. The other parts of the prayer are, that the defendant " be restrained and prohibited from using, cultivating and *farther* trespassing on said premises, and be restrained from interfering with the plaintiff in his cultivation of the premises." It just stopped him, where he was. It did not evict him from the premises; it left him in possession but stayed his hand. He could not go forward; but he could, if he liked, stay, where he was. It never was intended by such an order to " change the possession of the property;" and such an order is not contemplated by the statute, which allowed an appeal from a decree or order " changing the possession of

property." The legislature deemed it wise to repeal the statute allowing an appeal from an order " granting an injunction." The order in this case merely granted an injunction and, as the statute stood, when the appeal was taken, was not appealable. An appeal was evidently deemed by the legislature to be unnecessary; as, if the injunction ought not to be granted it could be dissolved in a few days on motion in vacation, from which order an appeal would be proper.

It is impossible to perceive any equity in the plaintiff's bill. But that we can not consider, as we have no jurisdiction.

The appeal and *supersedeas* are dismissed, as improvidently awarded.

DISMISSED.