## CAVENDER v. WARD.

1. Where a bond was given in the penalty of $140 to secure the payment of any judgment that might be rendered in a proceeding then pending, and judgment was rendered therein for $64, a trial justice has jurisdiction of an action on this bond to recover the said amount of $64.

2. A trial justice being satisfied from plaintiff's affidavit that there was good ground for apprehending the loss of the debt if the trial was not had at an early day, there was no error in ordering a trial within the twenty days, otherwise required in such cases.

3. A bond voluntarily given by a principal and surety to secure the payment of the judgment in an issue then pending before a trial justice under an agricultural lien, whereby the principal debtor got possession of property then under levy, is not illegal and void, although at that time there was no statute authorizing such a bond.

Before PRESSLEY, J., Richland, October, 1886.

The bond sued on in this case was as follows:

*Whereas* T. S. Cavender has levied by attachment on two bales of cotton, alleging that the defendant owes him seventy-four dollars for rent and supplies due; *and whereas* the said W. H. Ward denies that he owes the said Cavender anything for rent or supplies, and desires the possession of said two bales of cotton, which is now in the possession of J. H. Taylor, trial justice: *Know all men by these presents*, that we, W. H. Ward and Joab Cotton, are held and firmly bound unto T. S. Cavender in the penal sum of one hundred and forty dollars, to be paid to the said T. S. Cavender, his certain attorneys, executors, and administrators, firmly by these presents.

*Sealed* with our seals, and dated at Eastover the 24th day of November, 1885.

*Now, the condition of this obligation is such*, that if the said T. S. Cavender shall obtain judgment, or prosecute the above suit to judgment against the said W. H. Ward, then the above bond shall be of full force and effect, or else to be null and void.

                 W. H. WARD,    [L. S.]
                 JOAB COTTON,    [L. S.]

Signed, sealed, and delivered in the presence of
J. S. HOOK.

*Mr. John McMaster,* for appellant.

*Messrs. Clark & Muller,* contra.

April 11, 1888.   The opinion of the court was delivered by .
MR. JUSTICE McGOWAN.   It seems that in the autumn of the
year 1885 T. S. Cavender applied to trial justice J. H. Taylor,
alleging that one W. H. Ward was indebted to him in the sum of
$74 for rent and supplies due upon a lien on his crop; that upon
the proper affidavit the trial justice issued his warrant and seized
two bales of Ward's cotton crop, and upon notice from Ward that
the amount claimed was not justly due, he "made up an issue" to
try the question under the provisions of the act of the legislature,
which had just been passed (December 22, 1884).   The defend-
ant, Ward, claimed the right, as in the case of an ordinary
attachment or action for "claim and delivery of personal pro-
perty," to replevy the two bales of cotton seized, which was
granted to him, and on December 24, 1885, the cotton was
returned to him upon the execution of a bond payable to T. S.
Cavender, signed by himself and one Joab Cotton, in the penal
sum of $140, but really to secure the amount claimed, $74. (See
copy of the bond in the Brief.)
The issue framed under the act aforesaid was tried and finally,
after much litigation and one new trial, judgment was rendered
for the actor, T. S. Cavender, for $64, and $17.37 costs.   An
appeal was again taken, but that was dismissed by Judge Fraser
April 21, 1886.   Thereupon, on June 24, T. S. Cavender com-
menced action before the same trial justice, Taylor, on the bond
above described against the signers, Ward and Cotton, for the
sum actually recovered against Ward, viz., $64.   Cavender, the
plaintiff, made an affidavit that he was apprehensive of losing his
debt (and giving the reasons) if the trial should be delayed for
twenty days from the service of the complaint; whereupon the
trial justice appointed June 30 (1886) for the trial, and accord-
ingly notified the defendants, who answered and appeared on the

day appointed,[1] but moved for an order changing the venue to the nearest trial justice, and trial justice Taylor granted the motion and turned over the papers to his brother trial justice, Brown, who heard the case on July 2, 1886.

The execution of the bond was proved, with the whole history of the proceedings down to the final judgment of Cavender against Ward for $64. The jury found a verdict on the bond for the $64 and interest from its date. From this finding the defendants appealed to the Circuit Court. Judge Pressley dismissed the appeal and affirmed the judgment, and from this judgment the defendants appeal to this court upon the following grounds: "1. Because his honor erred in deciding that the trial justice had jurisdiction of the subject matter of the action. 2. Because the bond sued on was, in amount, beyond the jurisdiction of the trial justice. 3. Because a trial justice had no right to take a bond in a proceeding of this nature, and the said bond is null and void. 4. Because his honor erred in deciding that the surety on said bond, the defendant, Joab Cotton, was estopped from denying the recitals in said bond. 5. Because his honor erred in deciding that the trial justice had the right in a proceeding of this character to force the defendant to trial within twenty days of the service of the summons," &c.

There are really but three points made : (1) Did the trial justice have jurisdiction of the cause of action ? (2) Did he err in making the summons returnable in less than twenty days? (3) Was the bond sued on null and void ?

As to the jurisdiction, we agree with the Circuit Judge. Subdivision 1 of section 71 of the Code gives to trial justices jurisdiction "in actions on contracts for the recovery of money only," if the sum "claimed" does not exceed one hundred dollars. The sum claimed here, as stated in the complaint, was "sixty-four dollars," although the penalty was $140. Besides, subdivision 6 of the same section of the Code gives to trial justices jurisdiction in "an action upon a surety bond taken by them when the penalty or amount claimed does not exceed one hundred dollars."

---

[1] Defendant moved for a continuance until twenty days had expired, but this motion was refused.—REPORTER.

The penalty exceeds the limit, but not the "amount claimed." See *Bennett* v. *Ingersoll*, 24 *Wend.*, 113; *Wait Ann. Code*, 64.

We also agree with the judge below, that there was no error in making the summons returnable in less than twenty days. Subdivision 16 of section 88 of the Code provides that "when more than $25 is demanded the complaint shall be served on the defendant twenty days, and when less than that sum is demanded, five days, before the day therein fixed for trial. Provided, that if the plaintiff shall make out that he is apprehensive of losing his debt by such delay, and the trial justice considers that there is good reason therefor (the ground of such apprehension being set forth in an affidavit and served with a copy of the complaint), he may make such process returnable in such time as the justice of the case may require," &c. The plaintiff did make affidavit that very soon after he regained possession of the cotton under the bond aforesaid, the defendant, Ward, removed it out of the county, and about the same time he removed other property covered by the lien; that Cotton, the other defendant, avowed openly that "he would never pay the bond, if it cost him his plantation," &c. The trial justice must have considered, as he had a right to do, that there was good reason for the apprehension of the plaintiff. The affidavit was served upon the defendants, who appeared and answered. See *Yates* v. *Gridley*, 16 *S. C.*, 503.

Then, as to the point that the bond sued on was illegal and void, and the obligors themselves may have it so declared. It seems that under the original agricultural lien law no officer was authorized to issue a warrant to seize the crop of a lienor, except the clerk of the court. It was so decided in *Jones* v. *Clarkson*, 16 *S. C.*, 628 (1881). Soon after that decision (in 1884) the legislature amended the law so as to give trial justices jurisdiction in such cases where the amount claimed did not exceed $100. "Provided, that if the person to whom such advances have been made shall give notice in writing, &c., that the amount claimed is not justly due, then the trial justice issuing the warrant shall, &c., decide an issue which shall be made up, in which the person who has made such advances shall be the actor," &c. It will be observed that this act, although assimilating the new

proceeding closely to that of the ordinary "claim and delivery of personal property," did not make any provision as to what should be done with the crop seized during the litigation under the "issue" framed. This omission was probably observed, and at the very next session of the legislature (1885) another amendment was passed, which provided that a lienor whose crop was seized under an agricultural warrant issued by a trial justice "shall have the right, upon entering into bond in accordance with the provisions of law of force in regard to actions for claim and delivery of personal property, to recover immediate possession of the crop or crops so seized," &c. 19 *Stat.*, 329.

The bond in this case, although somewhat inartificially drawn, is substantially in accordance with this last amendment "for the payment to the plaintiff of such sum as may, for any cause, be recovered against the defendant," which is now the law of the State. If the bond taken in the case of T. S. Cavender against W. H. Ward had been executed after the aforesaid amendment was ratified on December 24, 1885, there could not been any serious question about it. But it so happened that the bond was executed on November 24, precisely one month before the amendment providing for such bond was ratified on December 24, 1885; and it is contended that as at that time there was no statute expressly authorizing a lienor to recover possession of his crop seized by entering (with security) into a bond for the amount, the plaintiff may recover against the defendant, the obligors may make the defence successfully that it was illegal and void, and imposed upon them no legal liability. It may be that the bond was not statutory in the sense that, at the time it was executed, it was not expressly authorized by the statute; but at the same time it cannot be said that it was illegal in the sense that it was either prohibited by the statute, or the subject matter was forbidden as fraudulent, immoral, or against public policy.

We do not think that the case of *Tinsley* v. *Kirby*, 17 *S. C.*, 1, cited and relied upon by the defendants' attorney, was at all analogous to this. There the obligation sued on purported to be an official bond for the faithful performance of the duties of "a constable," when there was not, and could not be, under the law, such an officer. In that case, however, the general rule was

stated as follows : "It is true that a bond—whether required or not—is good at common law, if entered into voluntarily, for valid consideration, and if it is not repugnant to the letter or policy of the law, and the surety on such bond is bound thereby. This is upon the just principles that parties shall not be allowed to take advantage of their own wrong, and after enjoying the benefits which the bond secured, then deny their liability." It seems to us that this case comes clearly within the principle above announced. (1) The bond was given voluntarily, indeed, at the instance and request of the defendants. (2) There was valuable consideration in regaining possession of the two bales of cotton lawfully in the custody of the trial justice. (3) If the contract was not expressly allowed by the statute, it was certainly not forbidden by it. (4) The purpose was not repugnant either to the letter or policy of the law, indeed, the very matter alleged to be illegal (the right to replevy) was a mere *casus omissus*, and immediately after supplied by an amendment of the law.

We know of no principle which requires the court to sustain the defence and relieve the defendants from an obligation voluntarily assumed by themselves, and upon the faith of which the two bales of cotton were surrendered. See *Cross* v. *Gabeau & Hunt*, 1 *Bail.*, 211 ; *Stevens* v. *Treasurers*, 2 *McCord*, 107 ; *The State* v. *Toomer*, 7 *Rich.*, 217 ; *Commissioners of Poor* v. *Gilbert*, 2 *Strob.*, 152; and *Tinsley* v. *Kirby*, 17 *S. C.*, 1. As to the matter of consideration, legality, &c., this case is certainly stronger than that of Gilbert, who, being charged as the father of an illegitimate child, voluntarily entered into a bond to the commissioners of the poor for the maintenance of the child, and afterwards refused to pay it, upon the ground that the bond was void under the acts of assembly concerning bastardy, as not the recognizance payable to the State, which these acts required. It was held "that the bond was good at common law." In the argument Chancellor Dargan, who was then at the bar, and brought the action, well said: "If there were no statutory provision on the subject (as there was none here), would not this bond be binding at common law ? Unless the act provide some other form for the bond to be in, or otherwise be void, it is not void if it is not in violation of common law. *State* v. *Mayson, 2 Nott*

*& McC.*, 425 ; *Moyer* v. *Falk, Harp.*, 50 ; *Treasurers* v. *Bates,* 2 *Bail.*, 376. There was no fraud—no force—in this case. The act of giving the bond was lawful and moral."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.