COTHRAN v. KNIGHT.

1. EVIDENCE—RECORD—DOCKET.—The introduction of the record proves the judgment of a trial justice, and in such case the production of his docket book is not necessary.
2. TRIAL JUSTICE RETURN—RECORD—EVIDENCE.—The *return* of a trial justice in an appeal case is a part of the record, and should be admitted in evidence when the *record* is received.
3. JUDGMENT—SUMMONS—CODE, 88, SUB. 16.—Under Code, 88, sub. 16, a trial justice may, upon proper cause shown, by affidavit, of which he is the judge, make a summons returnable on the day it is served, and give a valid judgment on that day.

4. JUDGMENT—JURISDICTION.—Except for want of jurisdiction, judgments as between their parties or privies cannot be attached collaterally.

5. COMPLAINT—AMENDMENT.—A motion to amend a complaint comes too late after the mover has been successful in his case on appeal, and entered upon the second trial.

Before BENET, J., Greenville, November, 1895. Affirmed.

Action in claim and delivery by J. R. Cothran against J. E. Knight and Robert Coker. The following is the charge of the Circuit Judge:

The plaintiff, J. R. Cothran, brings this action against J. E. Knight and Robert Coker, the defendants, claiming that they are in possession of 2,880 pounds of seed cotton and twenty-two bushels of cotton seed, and that they are wrongfully in possession of it and withholding it from him, and the reason he alleges is that he received a summons requiring him to appear before 'Squire Scott to answer to the complaint for $64; and that the summons was issued that day and served that day, and judgment rendered against the plaintiff on that same day for $64.75, and that execution was issued on that same day and placed in the hands of Coker, the township constable for Trial Justice Scott, and that on that day he seized the said property in the possession of the plaintiff. The plaintiff alleges that the said property was not taken for a tax assessment or fine; that the actual value of the property is about $85, and that by reason of this seizure the plaintiff has suffered to the amount of $1,000, and he demands at your hands a return of the property, and the sum of $1,000 as damages. The defendants, J. E. Knight and Robert Coker, allege that the judgment was rendered by Trial Justice Scott for the amount already stated, and that that was on an account for money and provisions and merchandise used in the production of the crop, and that on the same day execution was issued and the crop levied on by the constable, and they claim that they had a right to take the property and sell it as was done. You have heard the testimony in the case and the arguments on the

law.   I was compelled to charge that the record of the trial justice sent up in the case was admissible in evidence here. If you believe that Cothran was indebted as alleged to J. E. Knight in the way as alleged and the amount alleged, if you believe that he was sued in the manner alleged, and that judgment was rendered against him and execution issued and the property sold, why then it rests upon him to show that those proceedings were illegal, and I charge you now, as I have already done, that that record cannot be attacked collaterally in this case.   The records of a court are not to be attacked collaterally unless there is evidence that there was total lack of jurisdiction on the part of the court, but I charge you now that there is sufficient jurisdiction on the part of the court, and the only way that this could have been attacked was by proceedings to set aside the judgment. You will take the testimony.   The plaintiffs are bound to make out the case by the preponderance of the evidence. If the plaintiff has made out his case by the preponderance of the evidence, you will give him the amount he asks for. If you think that he has failed to make out his case by the greater weight of the evidence, you will find for the plaintiff whatever amount he asks, and if you think he is entitled to damages, you will say how much.   If you find for the defendants, say: "We find for the defendants."

Mr. Mooney: If the judgment shows that that is conclusive evidence of indebtedness.   The Court: Yes, if there is a judgment proved before you by a competent Court, and that judgment not appealed from, that is conclusive evidence of the judgment obtained.   Mr. Mooney: I will ask your Honor to charge the jury that where the possession is lawful, the taking a possession, a demand is necessary; but if it is unlawful, a demand is not necessary.   The Court: Yes, sir, that is the law.   Where the possession is lawful, a demand for the return of the property is necessary before suit can be brought.

The jury found for the defendant, and the plaintiff appeals, on the following exceptions:

1. In refusing to allow plaintiff to amend his complaint by striking out all alleged therein with reference to the judgment of J. E. Knight *v.* J. Cothran, said matter being redundant and irrelevant.

2. In refusing to allow plaintiff to testify as to the way in which he had been damaged by reason of the seizure of his property by the defendant, said testimony being relevant and responsive to the allegations of his complaint.

3. In ruling admissible the question of attorney for defendants asked the plaintiff on cross-examination: (1) "Did you owe Mr. Knight anything for supplies furnished you by him to make that crop?" (2) "You bought it (guano) from that man over there (G. H. Mahon)?" said questions being irrelevant, calculated only to confuse the minds of the jury, and not responsive to any issue in the case of law or fact.

4. In allowing, over objection of plaintiff, the attorney for the defendant to contradict plaintiff by the witness, G. H. Mahon, who testified: "I never sold him a sack of guano in my life;" said matter being irrelevant.

5. In admitting in evidence the alleged record in the case of J. E. Knight *v.* J. R. Cothran, being that referred to in the answer, because it was not the judgment of the trial justice rendered in said cause, nor any evidence there of the original papers or the book which the law requires him to keep, "being the highest and best evidence of the proceedings before him."

6. In holding that the return of the trial justice for the purpose of the appeal from the judgment rendered by him as alleged in the case of J. E. Knight *v.* J. R. Cothran, which appeal had been abandoned, was a part of the record, and admissible in evidence in this case.

7. In ruling upon the question of admissibility of said record: "I cannot hold that the trial justice had no jurisdiction. There is sufficient evidence on the face of the record that he had jurisdiction to justify my holding that there was a *prima facie* right of jurisdiction, and that ap-

pearing on the face of the record, a collateral attack upon it would not be proper." Whereas he should have held that said alleged judgment was a nullity upon its face, in that it appeared, from an inspection thereof, that the trial justice court did not acquire jurisdiction of the person of the defendant therein, and was otherwise invalid for the following reasons: (1) Judgment for more than $25 being demanded, defendant had twenty full days before judgment could be rendered against him, and the said alleged judgment, having been rendered on the day said summons was issued, was null and void. (2) The affidavit alleged to have been made by plaintiff therein, upon which said trial justice is alleged to have made said summons returnable the same day it was issued, was insufficient, and failed to comply with the provisions of the Code, in that the facts upon which plaintiff based his apprehension and belief were not stated therein. (3) The alleged record failed to show that the testimony of the witnesses, if any, were reduced to writing and signed by them, or that the plaintiff therein had proved his case, as required by law. (4) There was no proof, by return of the officer or party serving the papers or otherwise, that a copy of said affidavit was served with the summons, as required by law.

8. In sustaining the objection of the attorney for the defendant to the following question asked the plaintiff in reply: "At the time this paper, the summons, was served upon you, was there any other paper served?" The purpose being, as stated at that time, to show that the plaintiff—the defendant in that action—was not served with a copy of the affidavit upon which the trial justice shortened the time, and which subd. 16 of sec. 88 of the Code requires, "shall be served with a copy of the complaint."

9. When asked by plaintiff's attorney to rule upon the admissibility of the execution, in holding: "I make the same ruling as to the execution that the whole return be admitted in evidence." Whereas said ruling was not erroneous only, but entirely inapplicable to the execution, which

should have been excluded for the reason, that being directed only "to any lawful constable," it did not authorize, and, therefore, could not justify, the taking of the property in question by the defendants or either of them.

10. In sustaining the objection of the attorney for defendant to the question asked William Scott, the trial justice who rendered the alleged judgment in case of Knight *v.* Cothran: "Who was your regular constable at that time?" The purpose being to show that the defendant, Robert Coker, was not a regular constable, and was not justified, therefore, in taking plaintiff's property under the said alleged execution.

11. In sustaining the objection of the attorney for the defendants to the question propounded W. D. Metts, clerk of the court, who had in his hand magistrates and constables' roll kept in his office: "Will you look in that book and state—" Thereby interrupting attorney for plaintiff, and preventing him from showing by said book that neither of the defendants had enrolled or filed the bond of a constable elected or appointed, as required by Rev. Stat., § 783, sub. 11.

12. In charging the jury that the reason alleged by plaintiff of the wrongful taking and withholding of his property by the defendants, was "that he received a summons requiring him to appear before 'Squire Scott to answer to the complaint for $64.75, and that execution was issued on that same day and placed in the hands of Coker, the township constable for Trial Justice Scott, and that on that same day he seized the said property in the possession of the plaintiff." Said statement being wholly unsupported by any allegation in the pleadings or evidence in the cause. On the contrary, plaintiff alleges in paragraph 1 of his complaint such facts as the cause of the unlawful detention of his property by the defendants, "as *they* allege."

13. In charging the jury that the only way the alleged judgment of Knight *v.* Cothran could be attacked was "by proceedings to set aside the judgment." Whereas this being

a judgment, if judgment at all, of an inferior court, jurisdictional facts alleged in the record might be controverted on trial.

14. In charging the jury that "the records of a court are not to be attacked collaterally unless there is evidence that there was total lack of jurisdiction on the part of the court." Whereas he should have held that the court of trial justice being an inferior court, it is not necessary for one who assails its validity to produce evidence of total lack of jurisdiction, but, on the contrary, all facts necessary to give jurisdiction must appear affirmatively upon its face.

15. In charging the jury: "I charge you now that there is sufficient jurisdiction on the part of the court" (trial justice). Whereas he should have held that if the jury believed the evidence of the plaintiff that he was not served until 11 o'clock, one hour after the time fixed for trial in the summons, he had a right to disregard it, and any judgment rendered against him would be void.

*Mr. Jos. A. McCollough*, for appellant, cites: *Amendments:* Code, 181. *Evidence:* Cothran v. Knight, 22 S. E. R., 596. *T. J. Books:* Rev. Stat., 892; 7 S. C., 224; 17 S. C., 75. *Record and Judgment:* Code, 88, sub. 16; 21 S. C., 586; 6 S. E. R., 302; Code, 358; 24 S. C., 164; Freem. on Judg., 123, 522; Rev. Stat., 904; 39 S. C., 481; 13 S. C., 198; 12 A. & E. Ency., 148; Rev. Stat., 900; 17 S. C., 5. *Pleading:* 15 S. C., 268; 19 S. C., 65; 17 S. C., 514; 20 S. C., 589. *Attacking Judgment:* 24 S. C., 398; 40 S. C., 193; 41 S. C., 80; 28 S. C., 119.

*Mr. J. A. Mooney*, contra, cites: *Amendments:* 1 A. & E. Ency., 555; 18 S. C., 385; 26 S. C., 474; 9 S. C., 330. *Record:* Rev. Stat., 892; 17 S. C., 75; 37 S. C., 517; Code, 302, sub. 2. *Jurisdiction:* 1 A. & E. Ency., 182; 13 Ohio, 563; 2 Grant Pa. Cas., 422; 23 Am. St. Rep., 253; 120 Ind., 520; 130 Ind., 485; 16 Ind., 99. *Attacking Judgment:* 6 Am. St. Rep., 550; Black on Judgt., 250; 1 Strob., 1; 10 Rich., 317; 9 Wall., 23; 62 Am. Dec., 330, 331; 31 A. D.,

478; 62 A. D., 333; 1 Blk. on Judgt., 252; 1 Bail., 295; 3 Strob., 108; 47 A. D., 383; Hur. on Ex., 404; 1 Pet., 155; 17 S. C., 75; 62 Am. Dec., 330; 79 Mo., 504, 302; 25 Am. St., 637; 57 Texas, 209; 77 Texas, 283.

July 20, 1896. The opinion of the Court was delivered by

MR. JUSTICE POPE. This. action was instituted on the 29th day of November, 1893, for the recovery of the possession of personal property and damages for the unlawful detention thereof. It has been in this Court once before. *Knight et al.* v. *Cothran*, 45 S. C. It came on for a trial, the second time, in the Court of Common Pleas for Greenville County, in this State, before Judge Benet and a jury, at the November, 1895, term of Court. Verdict was rendered for defendant. After judgment was rendered thereon, an appeal was taken to this Court. The charge of the Judge and the exceptions thereto will be reported.

It seems to us that the fundamental and controlling issue here may be stated in the question: Were the defendants, respondents, justified in seizing the property of the plaintiff, appellant, by the judgment and execution in the case of J. E. Knight, as plaintiff, against J. R. Cothran, as defendant? Appellant's attorney in his argument virtually admits this to be true, for he there says: "If said process was valid and the defendants were lawfully acting thereunder, then we admit their taking was lawful; otherwise, we insist they were trespassers." This being so, we shall pass directly to this question. In the year 1893, the plaintiff, Cothran, and the defendant, Knight, were tenant and landlord, respectively. On the 23d day of November, 1893, Knight, the landlord, having a debt due to him by his tenant, Cothran, amounting to $64.78, and being apprehensive of the loss of his debt by Cothran's removing or disposing of his property, applied to William Scott, as the trial justice for Dunklin Township, in the county of Greenville, in which both the parties lived, and where the property was located, to bring suit for said $64.78 against Cothran. On

that day Knight made an affidavit that Cothran was due him "the said sum of $64.78 on an account for money and merchandise procured to be used by John R. Cothran in the production of his crop in Greenville County in the year 1893; that he has instituted suit upon the same, but is fearful that the delay of twenty days will occasion the loss of debt by the said John R. Cothran removing or disposing of his property." Thereupon, William Scott, the trial justice, issued his summons to John R. Cothran, requiring him to appear before said trial justice, at his office in Dunklin township, on the 23d day of November, 1893, at 10 o'clock A. M., to answer to the said complaint, or otherwise judgment would go against him by default. Upon default and after proof by plaintiff of his claim, judgment was rendered by said trial justice against defendant for $64.78 and costs. On the same day execution was issued, directed to any lawful constable, requiring him to seize the property of Cothran to satisfy said judgment, and on the same day the constable, the defendant, R. B. Coker, seized the personal property now in dispute, and, after fifteen days advertisement, sold the same at public outcry for the sum of $60.48. But within the five days after judgment, to wit: on the 27th November, 1893, the plaintiff here, Cothran, appealed from the judgment of the trial justice to the Circuit Court. The trial justice made a return as required by law, filed this return, with the other papers of the case, in the office of the clerk of the court, and when the appeal came on to be heard, it was dismissed.

In the case at bar, Cothran seeks to deny that the judgment of Knight *v.* Cothran was a valid judgment.

(*a*) Because, he says, upon the face of the record, it appears that the judgment in question should have been proved by the introduction of the books required by law to be kept by the trial justice, which, he claims, is the highest and best evidence of proceedings before a trial justice. The case relied upon by appellant is that of *Cherry* v. *McCants*, 7 S. C., 224, and he claims

that this case just cited is sustained by the latter case of
*Barron* v. *Dent*, 17 S. C., 75; for the position that the books
of the trial justice, as required to be kept by him, sec. 892 of
vol. 1 of the Revised Statutes of South Carolina, p. 316, is in
these words: "Each trial justice shall keep two books, the one
for civil and the other for criminal cases, wherein he shall
insert all his proceedings in each case by its title, showing the
commencement, progress and termination thereof, as well as
all fees charged or received by him, and shall produce the
same when required for the inspection of the solicitor of the
circuit." * * * We learn from the opinion of the Court of
Appeals in law, pronounced by Judge (afterwards Chief Just-
ice) O'Neall, in *Etters* v. *Etters*, 11 Rich., 415, that this pro-
vision was first inserted in the act of 1839, to correct the evil
which followed the allowance to *executions* issued by magis-
trates to prove judgments by such officers.  It may be that
section 15 of the act of 1839 had much to do with this con-
clusion of a divided court.  This case was followed by that of
*Cherry* v. *McCants, supra;* but an examination of this case
as well as that of *Etters* v. *Etters, supra*, will show that in
neither case was this question necessarily involved; for, in
the Etter case, the magistrate, while being examined as a
witness, produced the execution, but was unable to produce,
at the moment, the summons and judgment, and upon ob-
jection, that he could not speak of the contents of the two
last while they were in existence, the testimony was over-
ruled.  As to *Cherry* v. *McCants*, the witness was profess-
ing to speak from memory as to the contents of papers
making up the record.  The Circuit Judge allowed him to
do so.  Upon appeal, this Court held it reversible error.
So that we do not feel called upon to adopt or reject what
the appellant insists is the rule, because, as we shall soon
show, in the case at bar, no such question need to be said
to arise.  Here there was an appeal from the judgment of
the trial justice court to the Circuit Court, which latter dis-
missed the appeal.  This record was introduced, and as this

is so, it was not necessary to produce the trial justice's books, which formed no part of the Circuit Court record.

(*b*) The record introduced contained the report of the trial justice, and it is next objected that *this report* forms no part of the record, and should not have been admitted. An examination of the Code will show that the legislature has taken a different view of this matter from that entertained by the appellant; for, in section 369 of the Code, it is provided: "To every judgment upon appeal there shall be annexed the *return* on which it was heard, the notice of appeal, with any offer, decision of the court, exceptions, case, and all orders and papers in any way involving the merits and necessarily affecting the judgment, which shall be filed with the clerk of the court, and shall *constitute the judgment roll*" (italics ours). And to see how careful the law is as to this *return* by the trial justice, see section 362 of the Code, which makes it mandatory upon a trial justice, when he has rendered a judgment from which an appeal is taken, to make his return and file it in the Circuit Court within ten days. Also, section 363 of the Code, which provides, if he goes out of office, nevertheless he shall make his return in the same manner and with like effect as if he were still in office. Also, section 364: If he shall remove to another county of the State, the Court may compel him to make this return. If, as we have seen, by law this return of the trial justice is made a part of the judgment roll of such appeal in the Circuit Court, we are at a loss to understand how the Circuit Judge could have ruled otherwise, when the record was introduced in evidence, than to admit the *return*, which was a part of such judgment roll in a cause between the same parties.

(*c*) The appellant insists that this record on its face shows that the court of trial justice had no jurisdiction. Now, if this were true, it would end the case; for, as the present Chief Justice, Mr. C. J. McIver, well remarked, in *State ex rel. McCall* v. *Cohen*, 13 S. C.,

201: "So that if the proceedings show upon their face a want of jurisdiction, or fail to show that which was necessary to confer jurisdiction, the whole is an absolute nullity, and it is no consequence in what way the defect is brought to the view of the Court. *Duvall* v. *Taylor*, Cheves, 5." Having this rule as our guide, what does the record here disclose? The respondent here brought suit in a trial justice court for $64.78 against the defendant. It is admitted that both of said parties resided in Dunklin Township, in Greenville County, and that William Scott was the trial justice for that township, and that the respondent, Robert Coker, was his constable. The amount of the debt was within the trial justice's jurisdiction, being under $100. The subject matter (being a contention between a landlord and his agricultural tenant for money and supplies to enable him to make his crop) was also within his jurisdiction. Let us see as to the legal machinery used by the trial justice. The amount sued for being beyond the sum of $25 or upwards, the defendant is entitled to twenty days within which to answer after the summons is served. See section 88, subdivision 16, of Code of Civil Procedure. But in that same section it is "*Provided*, That if the plaintiff shall make out that he is apprehensive of losing his debt by such delay, and the trial justice considers that there is good reason therefor (the ground of such apprehension being set forth in an affidavit and served with a copy of the complaint), he may make such process returnable in such time as the justice of the case may require." In this case the affidavit was made, and it satisfied the trial justice that he should make his process returnable at 10 o'clock A. M. of the day of service. In the absence of fraud or gross imposition, the law vests the trial justice with the responsibility of deciding if these requirements are met. This Court, in *Cavender* v. *Ward*, 28 S. C., 473, when considering this very question, used this language, after having, in words, sustained the Circuit Judge, who had, in his turn, sustained the trial justice in reducing the length of time to answer

from twenty days to six days: "The trial justice must have considered, *as he had a right to do*, that there was good reason for the apprehension of the plaintiff" (italics ours.) In the case at bar, the defendant, after service, declined to attend the trial. But the appellant now insists that the record does not show affirmatively that the *affidavit* was served upon Cothran at the time the complaint was served upon him. It is true, that the affidavit of Robert Coker, the constable, is silent on this point when he swears as to the service of the complaint upon the defendant. The statute does not require that such service of the affidavit shall be made to appear by the affidavit of the constable. Yet in the *return* of the trial justice he states as a fact that such affidavit was served upon the defendant, Cothran, and, as we have already announced, this return of the trial justice is a part of the record introduced in evidence at the trial of this case before Judge Benet. We are constrained to hold that the trial justice thus acquired jurisdiction of the person of Cothran, as he already had of the subject matter. When this conclusion is reached, all difficulties vanish so far as the exceptions of the appellant are concerned; for, according to the very admission of appellant's counsel (which admission we have already quoted), if the judgment of Knight *v.* Cothran was valid, the main difficulty disappears.

So far as the legality of the acts of the constable are concerned, it is admitted by the appellant that Robert Coker was the constable of that township. He levied upon such property as is now in contention, under the execution of the trial justice, whose judgment was affirmed by the Circuit Court; for the trial Judge, Judge Benet, found that the appeal was dismissed, and there is no exception before us as to this finding of the Circuit Judge on that point. He sold the same after fifteen days public advertisement as required by law. Unquestionably the Circuit Judge has properly stated the rule, that, except for want of jurisdiction, judgments, as between

parties or their privies, cannot be attacked collaterally. *Turner* v. *Malone*, 24 S. C., 398, and other cases decided by this Court on the same line.

Again, before closing, we ought to dispose of the first exception, relating, as it does, to an alleged error on the part of the Circuit Judge in refusing the motion of the plaintiff, appellant, to amend his complaint, at the trial, by striking therefrom all the plaintiff's allegations as to the judgment, &c., of Knight *v.* Cothran, The Code is quite liberal as to amendments, yet when a litigant waits until after he has been successful in his appeal to the Supreme Court, and after trial is entered upon, to make his motion to amend, we agree with the Circuit Judge, "he comes too late." 1 A. & E. Ency. of Law., pp. 354, 555; *Trumbo* v. *Finley*, 18 S. C., 305; *Stallings* v. *Barrett*, 26 S. C., 474, and other cases of our own.

We must overrule all of these exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.