## MOORE v. SOUTHERN RY.

MAGISTRATE SUMMONS.—THE AFFIDAVIT required by Code of Procedure, Sec. 88, Sub. 16, upon which a Magistrate may make a summons returnable in less time than prescribed by the Code, must state some fact from which it can be reasonably inferred that plaintiff would loose his debt unless the time for answering be shortened.
*Cavender* v. *Ward,* 28 S. C., 472, and *Cothran* v. *Knight,* 47 S. C., 250, *distinguished from this case.*

Before PRINCE, J., Cherokee, August, 1906.    Affirmed.

Action by Will Moore against Southern Ry. Co.    From Circuit order reversing judgment of Magistrate B. J. Gold, plaintiff appeals.

*Mr. N. W. Hardin,* for appellant, cites: 28 S. C., 473; 47 S. C., 251; 31 S. C., 308; 25 S. C., 466.

*Mr. W. S. Hall, Jr.,* contra, cites: 67 S. C., 249; 2 Cyc., 22; 28 S. C., 470.

March 19, 1907.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This action was commenced in the magistrate court by the service of summons on the defendant on April 10, 1906, and the trial fixed by the magistrate for April 11, 1906, the Court having shortened the time under Sec. 88, Sub. 16, Code of Civil Procedure, on the following affidavit of plaintiff:

"Personally appeared, Will Moore, who on oath, says, that he worked 26 days for Southern Railway—Car. Division, in the month of February, 1906, for which it owes him the sum of $19.50, and has refused payment of same; that deponent is a resident and citizen of this State and entitled to a homestead exemption; that he is informed that some suit is pending in the State of Georgia against him, the purpose being to confiscate his property, without a trial and deprive him of his legal rights, and the just debt due him by the defendant, and deponent prays that the trial of this cause be fixed for the 11th April, 1906, at 10 o'clock A. M., as he is apprehensive of losing his property, if not had at this time."

The defendant appeared at trial specially and solely for the purpose of moving to set aside the services of summons on two grounds: (1) that the affidavit of plaintiff was wholly insufficient, expressing merely an opinion; (2) that if plaintiff's property should be confiscated without due process of law, the defendant would still be liable for the debt.

Upon the refusal of this motion defendant withdrew from the trial, and the magistrate rendered judgment in favor of the plaintiff for $19.50 and costs.    On appeal to the Circuit Court this judgment was reversed, and plaintiff appeals to this Court.

There are four exceptions, all practically raising the question, whether the affidavit submitted by plaintiff was sufficient under Sec. 88, Sub. 16 of the Code.    That Sec-

tion provides: "When twenty-five or more dollars is demanded, the complaint shall be served on the defendant not less than twenty days; and where less than that sum is demanded, not less than five days before the day therein fixed for trial: *Provided,* That if the plaintiff shall make out that he is apprehensive of losing his debt by such delay. and the magistrate considers that there is good reason therefor (the grounds of such apprehension being set out in an affidavit and served with a copy of the complaint), he may make such process returnable in such time as the justice of the case may require."

The appellant relies upon *Cavender* v. *Ward,* 28 S. C., 472, 6 S. E., 302, and especially *Cothran* v. *Knight,* 47 S. C., 250, 25 S. E., 142. In *Cavender* v. *Ward,* the plaintiff made affidavit that very soon after he regained possession of the cotton under bond, the defendant, Ward, removed it out of the county and about the same time he removed other property covered by the lien, and that Cotton, the other defendant, avowed openly that he would never pay the bond if it cost him his plantation. In *Cothran* v. *Knight,* the affidavit was that Cothran was due Knight "the said sum of $64.78 on an account for money and merchandise procured, to be used by John R. Cothran in the production of his crop in Greenville County in the year 1893; that he has instituted suit upon the same, but is fearful that the delay of twenty days will occasion the loss of debt by the said John R. Cothran removing or disposing of his property." In the last mentioned case, Mr. Justice Pope, speaking for the Court, said, at page 254: "In the absence of fraud or gross imposition, the law vests the trial justice (Magistrate) with the responsibility of deciding if these requirements (of the statute) are met," and cites *Cavender* v. *Ward, supra.* We do not understand by the above general remark, that the Court intended to go beyond the facts of the particular case. It was not intended to assert that the magistrate may exercise an arbitrary discretion in the matter, but that he must exercise his judgment in passing upon

the sufficiency of the *"grounds"* of such apprehension, which the statute requires to be "set out" in the affidavit. In the two cases cited the ground of apprehension was stated to be the removal or probable removal and disposition by the defendant of the property liable to the judgment that might be recovered.

In analogous cases under the statute providing for the removal of a case from one magistrate to the next nearest on the ground that the party does not believe that he can obtain a fair trial before the magistrate and requiring that the affidavit "shall set forth the grounds of such belief," the Court has held that it is not sufficient to state mere opinions, but the affidavit should state facts tending to show that a fair trial cannot be had before the magistrate, such a statement of facts as would form the basis of an indictment for perjury. *Bacot* v. *Deas,* 67 S. C., 245, 45 S. E., 171; *Witte* v. *Cave,* 73 S. C., 15, 52 S. E., 736.

Judge Prince has very satisfactorily disposed of the question in his opinion, from which we quote the following:

"It was evidently the purpose of the General Assembly in requiring the grounds of plaintiff's apprehension to be set forth in an affidavit and served with a copy of the complaint, to put defendant in a position to protect himself from fraud or imposition. The mandate of the law is that plaintiff's grounds of apprehension must be set forth in the affidavit. This clearly means that plaintiff must set forth in his affidavit some fact or facts from which a rational inference could be drawn tending to show that plaintiff might suffer the loss of his debt, if this unusual time should be allowed. In the affidavit here, I hold that plaintiff has not stated *any* ground for his apprehension. That is, he has not stated any fact from which it could by any process of reasoning be rationally inferred that he might lose his debt, if defendant is allowed the usual time for answering. It is true that he says in his affidavit: 'That he is informed that some suit is pending in the State of Georgia against him, the purpose being to confiscate his property without

any trial, and deprive him of his legal rights and just debt due him by the defendant, and he prays that the trial of the case be fixed for the 11th of April, 1906, at 10 o'clock A. M., as he is apprehensive of losing his property, if trial is not had at that time.' He does not even swear that he is apprehensive of losing the debt due him by defendant, but that he is apprehensive of losing his property. What property? The affidavit is silent. Who has instituted suit against him in Georgia? Is defendant a party to the Georgia suit? What is the nature of that suit? What has the suit in Georgia to do with the debt due by the defendant to plaintiff? Has the Georgia Court jurisdiction of either plaintiff or defendant, or has the Georgia Court jurisdiction of the *res,* that is, the debt due to the plaintiff by defendant by reason of defendant either owning or operating a railway in that State? How does the suit in Georgia tend to cause plaintiff to lose the debt due him by defendant? We search the affidavit in vain for answer to these questions. In *Cavender* v. *Ward, supra,* there were facts stated in the affidavit from which an inference could be drawn that furnished grounds for plaintiff's apprehension, if believed by the Trial Justice. 'The Trial Justice must have considered that there was good reason for the apprehension of the plaintiff as he had a right to do.' Thus spoke the Court, and in using the words, 'as he had a right to do,' the Court evidently had reference to the facts set out in the affidavit of plaintiff. This was equivalent to holding that the facts stated were sufficient, if believed by the trial justice, to warrant his concluding that plaintiff had reasonable grounds for his apprehension. I do not think, when properly understood and applied, the case of *Cothran* v. *Knight* decides otherwise. I do not understand that case to hold that a magistrate can decide arbitrarily that a plaintiff has reasonable grounds for apprehension when no reasonable grounds are stated in the affidavit. There must be some facts stated in the affidavit on which to base such a decision; and in the absence of such facts, the decision of the magis-

22—76

trate would be not only arbitrary, but in fraud of the rights of defendant, and this without regard to the motives of the magistrate.    This Court would not disturb the findings of a magistrate in this matter, even in a case where the facts stated in the affidavit were susceptible to two constructions, one tending to show cause for plaintiff's apprehension, and the other tending to show the opposite.    But in this case, the facts stated are not susceptible of any construction tending to show any cause for plaintiff's apprehension that he would lose his debt, if the time for answering were not reduced. The magistrate's decision was, therefore, arbitrary and oppressive, and he did not acquire jurisdiction of the defendant."

The judgment of the Circuit Court is, therefore, affirmed.