# CHARLESTON

## CITY OF BLUEFIELD *v.* McCLAUGHERTY.

### Submitted June 4, 1908.    Decided December 15, 1908.

1.  MUNICIPAL CORPORATIONS—*Public Improvements—Sidewalks—Ordinance—Sufficiency.*

    An ordinance of a city council, or board of supervisors of a city, having statutory authority to cause property owners to pave sidewalks at their own expense, which requires a property owner to lay "granolithic" walk, on a street on another portion of which such walk is already laid, and saying the walk to be laid "shall be the same width as the granolithic walks which have already been laid" thereon, suffices for recovery of the cost of laying the walk by the city, on default of the property owner, although it does not specify the composition of such walk.   (p. 539.)

2.  SAME.

    A resolution, so passed, or order, so made, requiring plank walks to be laid on certain streets, and saying "all of said plank walks to be six feet wide and in accordance with specifications to be furnished by the city engineer and ordinances of the city," is construed as referring to specifications already prepared and filed in the city engineer's office and shown by ordinances, previously adopted, and is sufficient.   (p. 540.)

3.  SAME—*Refusal of Property Owner to Lay Sidewalk.*

    When such an order has been made and notice served on the property owner, his failure to lay the walks within the time prescribed amounts to a refusal to lay the same, within the meaning of the statute, and no express refusal need be proved.   (p. 542.)

4.  SAME—*Irregularities—Effect.*

    That twenty days was given the defendant in which to lay the walks in such case, the statute requiring only ten, will not preclude recovery by the city, it being an immaterial departure and beneficial to the property owner.   (p. 542.)

5.  SAME—*Construction by City—Assessment of Cost—Necessity.*

    A formal assessment of the cost of laying walks by the city, under such circumstances, evidenced by a city record, is not necessary to recovery, such assessment being a ministerial act, having no judicial force, under the statutes of this state, or the charter of the city of Bluefield.   (p. 542.)

6.  TRIAL—*Objections to Evidence—Waiver.*

    Failure to except to the overruling of an objection to the introduction of a document, because not properly authenticated,

amounts to a waiver, and is not cured or saved by the subsequent exclusion of the entire evidence as being insufficient to sustain a finding for plaintiff.   (p. 542.)

7.  EVIDENCE—*Public Records—Compelling Production—Certified Copies.* Ordinarily, production of public records, provable by certified copies, will not be compelled.   (p. 543.)

Appeal from Circuit Court, Mercer County.

Action by the City of Bluefield against R. C. McClaugherty.   Judgment for defendant and plaintiff appeals.

*Reversed and Remanded.*

HAROLD A. RITZ, and SAUNDERS & CROCKETT, for plaintiff in error.

R. C. McCLAUGHERTY, for defendant in error.

POFFENBARGER, PRESIDENT:

The City of Bluefield, on an appeal from the judgment of a justice of the peace, sought a judgment in the circuit court of Mercer county, against R. C. McClaugherty for the costs of laying certain sidewalks in front of property of his. The court, under an agreement of the parties, to submit all matters of law and fact to it, excluded the evidence and rendered judgment for the defendant.   On its writ of error to this judgment, the city asks a reversal thereof and the rendition of a judgment here in its favor, as upon a demurrer to the evidence.

That the walks were laid at the expense of the city in front of the defendant's property, where the latter might have been compelled to construct walks, by proper proceedings on the part of the city, is not denied.   The contention is that the procedure, on the part of the city, was not in accordance with the charter and ordinances of the city and was, therefore, ineffectual to bind the property owner to repay the costs of such construction, as upon a default on the part of the property owner.

The power of the city, under its charter, to recover by action money expended in laying sidewalks, after having made a proper demand upon the property owner to construct them, is undoubted.   Section 38 of its charter, as amended by the Legislature, Acts 1905, says:   "The sum or sums of money so expended for laying sidewalks, paving

or repairing shall be a lien upon the lots abutting or abounding the same, which lien may be enforced by suit in equity in the name of the city in any court having jurisdiction, or the same may be collected by a suit at law in any court or before any justice having jurisdiction." The same section says: "In case the said property owners or any of them refuse to lay said sidewalks or paving as may be required, when required to do so, the Board of Supervisors shall have the authority to have the same done."

But it is urged that the resolution of the Board of Supervisors was wholly ineffectual to impose upon the defendant the duty to lay these walks because, (1), it did not fix a time within which the work should be done; (2), it did not specify the manner in which the work should be done and the materials out of which the walk should be constructed. On the assumption that these objections may be unavailing, lack of proof of the refusal of the defendant to comply with the demands made upon him is urged, inasmuch as he failed to put down the walk, without having expressly declared his intention not to do so.

The plaintiff introduced a copy of an order passed by the Board of Supervisors of the city on the 21st day of July, 1905, requiring granolithic sidewalks to be laid on the west side of Mercer street, commencing at the Flat Top Grocery Company's sidewalk and running to the corner of Mercer Street with Bluefield Avenue and to be of the width of the Flat Top Grocery Company's sidewalk; and thence on both sides of Bluefield Avenue to a point 100 feet west of Cherry Street, the walk to be of the same width as that already laid on said Avenue. It was further ordered that plank walks be laid by the abutting property owners on both sides of Walnut Street from Bluefield Avenue to Highland Avenue; on both sides of Highland Avenue from its intersection with Pearis Street, west to Pine Street and thence north on Pine Street, east side, to Bluefield Avenue, all of said plank walks to be six feet wide and in accordance with specifications to be furnished by the city engineer and ordinances of the city. The plaintiff also introduced notices served upon the defendant on the 5th day of August, 1905, signed by J. T. Akers, Auditor of the City, specifying minutely the method of construction of the granolithic sidewalk, the

materials of which it was to be composed, and the dimensions, materials and method of construction of the board walks, designating the lots in front of which the defendant was required to lay the walks, requiring him to construct the same within twenty days from the date of the notice, and apprising him that, if he should fail to do so, the city would construct them and the costs thereof would become a lien on the lots.

If the substance of this notice had been incorporated in the resolution adopted by the board of supervisors on the 21st day of July, 1905, the resolution would undoubtedly have been complete and sufficient in all respects. It would have set forth specifically and in detail almost every conceivable matter of specification. But, on the assumption that they were not incorporated in the resolution, it is urged that the specification thereof in the notice, given by the city auditor, does not aid, or supply the defects in, the resolution, since, it is argued, the board of supervisors could not delegate authority in this respect to him, he being a ministerial officer. The extension of twenty days time to the defendant within which to lay the walk is also made the basis of an objection or criticism, since the charter requires ten days written notice to be given.

While the resolution, requiring granolithic sidewalks to be laid, did not specify the ingredients of the compound to be used in effecting the work, it did give information concerning the same. It said: "The sidewalk to be the same width as the granolithic walks which have already been laid on said avenue." If there had been no intimation, by reference or otherwise, as to the nature and composition of granolithic walks, and the term "granolithic" had not been in any manner defined, the resolution would have been insufficient, for failure to give reasonable notice or information as to the kind of walk required. But it points to walks of that kind already laid on the street which it relates. The composition of that kind of walk and the method and cost of its construction were easily ascertainable by the property owner. It was a mere matter of inquiry. That the new walk was to be of the same character as the old, was manifested by the expressed purpose to extend the existing sidewalks. As the resolution did not indicate a kind of granolithic walk dif-

ferent from that already laid, the property owner, as matter of law, governing the construction of the resolution or order, could safely assume that the new walk was to be of the same plan, composition and character as the old, and proceed accordingly. The resolution having thus laid the basis for a demand upon him to construct the walk, and defined with reasonable certainty the kind of walk to be laid, it seems to us that the objection of uncertainty and indefiniteness is not tenable. Of course the requisites might have been stated more in detail and with a higher degree of certainty, but the charter does not prescribe how, nor to what extent, specification shall be made by the board of supervisors. It does not say whether it shall be done by ordinance, resolution or order, as the charters of some cities do. It confers upon the board authority and power to cause the property owner to lay sidewalks in front of his property without reference to his desire to have such paving done, and, on his default, to do the work at the expense of the city and charge the cost thereof against the owner and the property, thus vesting in the board wide discretion as to the mode of procedure, except as to the giving of notice.

As to the plank walks the resolution prescribed the width and referred the matter of specifications to the city engineer and ordinances of the city. The city engineer testified that, at the date of the passage of the order, specifications for the plank walks were on file in his office. The question and answer in respect to this are as follows: "Q. It is provided in this order that the plank walk on Highland Avenue and Walnut Street be six feet wide, and in accordance with the specifications furnished by the city engineer. I will ask you to state if the plank walk constructed was six feet wide and if at that time you had the specifiations on file in your office? A. It was. I did." Afterwards he said he furnished a copy of the specifications for all of the walks. We think a fair construction of the question and answer make them read that these specifications for plank walks were on file in the engineer's office at the date of the passage of the order, and the reference thereto in the order itself amounted to an adoption and application thereof to the sidewalks in question. The resolution says the specifications were to be fur-

nished, not prepared, by the city engineer. This seems clearly to import that specifications for that kind of walks had been previously determined by ordinance or otherwise, and were kept on file in the enigneer's office. If so, there was not the slightest delegation to the engineer of any authority vested in, or the duty imposed upon, or the board of supervisors.

So read and understood, the orders were full, complete and specific, affording a reasonably safe guide to the property owner so that, on the completion of the work in accordance with the specifications, he might be able to say he had fully performed the obligation imposed upon him by the law and was not subject to any further duty or expense in the premises.

An ordinance may lack desirable precision, and still may so provide for the manner in which an improvement shall be made, and be such compliance with the law, although a loose one, that the courts would not be authorized to invalidate the action of city officers under it. *Sheehan* v. *Gleason*, 46 Mo. 100. Practically the same rules that provide for the construction of statutes apply to the construction of ordinances. Hamilton Spec. Assm'ts., section 386. Paved with Trinidad sheet asphaltum, according to specifications in the office of the city engineer is a sufficiently definite description. *Paving Co.* v. *Ullman*, 137 Mo. 543. The precise thickness of curbstone need not be given, nor the nature of the stone nor the manner of dressing it. *Sheehan* v. *Gleason*, cited. Asphaltum obtained from Pitch Lake, in the Island of Trinidad, or asphaltum which shall be equal in quality f.)r paving purposes to that obtained from Pitch Lake in the Island of Trinidad is a sufficient specification. *Gage* v. *City of Chicago*, 207 Ill, 56. Failure of an ordinance for stone cross-walks to specify the kind of stone to be used is not fatal, it being proved that "stone" has a well understood and established meaning in the community and means "limestone." *Shannon* v. *Hinsdale*, 180 Ill. 202. Reference to specifications on file in the city engineer's office is sufficient. *Paving Co.* v. *Ullman*, cited; *Ross* v. *Stockhouse*, 114 Ind. 200. We view these authorities as amply sufficing to sustain our conclusion as to the sufficiency of the resolution in question.

We perceive no force in the contention that the city was bound to prove an express refusal of compliance with its demand. Defendant's mere failure to put down the walks within the specified time fixed upon him liability to pay costs incurred by the city. Was it necessary to call upon him and obtain an express refusal? Why? If the legislature had intended that no doubt it would have said so in the charter. Nor do we think the specification of twenty days instead of ten is material. How can the defendant complain of that, it being favorable to him?

It is said there was no assessment of the cost, because no record was introduced formally charging the property with the cost of the work. Such an assessment would have been a ministerial act. The charter fixes the amount to be paid at the cost of the work, and does not require an assessment to be made, as many charters do, where the authorities are required to lay off assessment districts and apportion the cost among property owners. No more than the actual expense, could have been assessed or collected, if assessed. Proof of actual expense would limit the recovery, assessment or no assessment. So we think it was not necessary to prove a formal assessment by the council or board of supervisors. Even where apportionment of cost is necessary, the property owner cannot complain of denial of a hearing on that question, if the apportionment involves no more than a mathematical calculation. Smith Mun. Cor., sec. 1235, note 77.

Objection was made to the introduction of a copy of the resolution as evidence, because it did not bear the seal of the city, the charter provision being that copies of the city's records, certified by the auditor and mayor under the seal of the city, shall be received as evidence. The objection was overruled but no exception was noted. We think the objection was waived. The defect was one of mere authentication, easily correctible and no doubt would have been supplied if the court had sustained the objection, or if the defendant had insisted upon it by noting an exception. Afterward the court excluded all the evidence, deeming it admissible, but insufficient to warrant a finding for the plaintiff. Much of it was clearly admissible, despite any objection the defendant might have interposed. Here a general

objection made to exclude, did not reach the defect in question. It should have been pointed out and insisted upon by a specification thereof. *State* v. *Hood*, 63 W. Va. 182, (56 S. E. 971.) The motion to exclude challenged the sufficiency, not the admissibility, of the evidence. Viewing the motion as one to exclude the evidence on the ground of inadmissibility, it should have been overruled because it was too general, some of the evidence being admissible and some not. As a motion to test the sufficiency of evidence, considering it all in, it should have been overruled, because the evidence proved the plaintiff's case. Though in the following cases the objections to evidence were overruled, because too general, we think the principle declared in them applicable under the circumstances of this case; *Buster* v. *Wallace*, 4 H. & M. 82; *Harriman* v. *Brown*, 8 Leigh 697; *Friend* v. *Wilkinson*, 9 Grat. 31; *Kincheloe* v. *Tracewell*, 11 Grat. 587; *Parsons* v. *Harper*, 26 Grat. 64. They are to the effect that a motion to exclude a mass of evidence, some of which is admissible, without specification of the inadmissible part, should be overruled.

Complaint is predicated on the refusal of the court to compel the city auditor to produce in court, as evidence for the defendant, the original records made by the city, respecting the paving in question. As the books and papers sought were public records, provable by certified copies and open to the inspection of the defendant and all others for proper purposes, there was no occasion for their production. Ordinarily production of public documents cannot be compelled. 6 Ency. Pl. & Pr. 785. Whether under any circumstances production thereof can be required, it is not necessary to determine, since the affidavit does not state any reason for inspection of original papers, such as alteration, erasures or interlineations, that could not be disclosed by copies; or that the books could not be inspected and copies taken for any reason, such as possession thereof by private persons. *Spielman* v. *Flynn*, 19 Neb. 342. *Hammerslough* v. *Hackett*, 30 Kan. 57.

There being no proof of the defendant's ownership of one of the lots charged, and no evidence having been adduced in the court below to determine the ownership and width thereof, we remand the case for the ascertainment of the amount due the city and judgment accordingly.

*Reversed and Remanded.*