# CHARLESTON.

HARVEY *v.* THE CITY OF ELKINS *et al.*

Submitted June 17, 1907.   Decided March 16, 1909.

1. APPEAL AND ERROR—*Decisions Reviewable—Affecting Real Property—Amount in Controversy.*

This Court will entertain an appeal from a decree, rendered by a circuit court in an injunction proceeding, refusing to dissolve and prepetuating a temporary injunction affecting the use and enjoyment of real property, notwithstanding the value of the realty involved may be less than one hundred dollars.   (p. 307.)

2. MUNICIPAL CORPORATIONS—*Permission to Alter Building—Unreasonable Refusal.*

Where a city council, acting under authority of the city charter and the general law, which empowers it "to provide for the rugular building of houses or other structures and to provide for the kind of material to be used in the construction thereof," and "to make regulations guarding against danger ,or damage by fire," passes an ordinance requiring permission to be obtained from such city council before a property owner can "alter, change or repair" a building already erected, and under such ordinance refuses permission to the owner of a house to make such minor alterations, changes and repairs, as the replacing of windows, and doors, the removing and relocation of partition walls on the inside of the house, the re-papering of the walls and the painting of the outside walls, such refusal is unwarranted and unreasonable, and the ordinance will not be construed as authorizing the city to withhold permission to make such minor, and necessary repairs; and the municipal officers may be enjoined from preventing the making of such alterations, changes and repairs.   (pp. 208, 209.)

65 W. Va.

Appeal from Circuit Court, Randolph County.

Bill by M. H. Harvey against the City of Elkins and others. Decree for complainant, and defendant City appeals.

*Affirmed.*

SAMUEL T. SPEARS, for appellant.

W. B. MAXWELL, for appellee.

WILLIAMS, JUDGE:

Mrs. M. H. Harvey is the owner of a one story wooden building in the City of Elkins. It had been occupied by the Sheriff as an office; and in March, 1907, the front door, one window and a part of the wall were taken out in order to remove a large safe used by the sheriff. Immediately thereafter G. B. Harvey, the husband of plaintiff, proceeded to replace the front of the building so removed, putting in a larger window in the front. He was notified by the Chief of Police that, if he persisted in making such repairs without permission from the city council, he would be arrested. On the 21st day of March, 1907, and after he was threatened with arrest, he applied to the city council for permission, stating in his application such repairs as he desired to make, which were the repair of the front of the house as above stated; the changing of a partition inside of the building; the repapering of the wall inside; the changing of his electric lights and the painting of the building on the outside. Permission to do this was refused. He again, on April 4, 1907, applied to the council for permission to replace the front of the building in the same manner in which it was just before the part of the front had been torn away, and to replace the door and window which had been removed, and also asked permission to re-locate a partition on the inside; to paper the walls; to re-arrange the electric lights and to paint the building on the outside. Permission to do these things was also denied. Mrs. Harvey thereupon applied to the circuit court of Randolph county, then in session, on the 26th day of April, 1907, for an injunction to restrain and inhibit the City of Elkins, and its officers, from interfering with her having such repairs made, and on this bill, verified and further supported by affidavits, a temporary injunction was granted.

On the same day the City of Elkins appeared and demurred

to, and answered the bill, and gave notice that it would move to dissolve the injunction. Motion to dissolve was made, and by agreement the case was heard upon the bill and exhibits, answer and general replication thereto, and affidavits filed with the bill; and on the hearing the court perpetuated the injunction. From that decree the City of Elkins has appealed to this Court.

The record presents two questions only: First, whether, or not, this Court has jurisdiction to entertain the appeal; second, whether, or not, the City of Elkins had the right under its charter to deny plaintiff the right to make the repairs above mentioned.

In regard to the first question, it is contended by counsel for appellee that, as the pecuniary value of the property in question is not shown, this Court has not jurisdiction of the appeal. But the question concerns the free use and enjoyment of real estate, and the whole matter is disposed of by the decree perpetuating the injunction. It adjudicates the principle of the cause. A decree refusing to dissolve an injunction, in such a case, is appealable without regard to the pecuniary amount involved. We therefore entertain the appeal. Chapter 135, section 1, clause 7 of Code (section 4038, Code 1906); *Robrecht v. Wharton,* 29 W. Va. 746.

The case of *Carskadon* v. *Board of Education,* 61 W. Va. 468, on which appellee relies to show want of jurisdiction, is not similar to this one, and does not govern. In that case the Board had let, by contract, a certain school house to one Radcliff for the purpose of delivering lectures during six nights at the price of $10.00 per night. Carskadon, suing on behalf of himself and other taxpayers of the district, obtained an injunction which was later perpetuated, and the Board of Education appealed. All the rent that the Board was to get for the use of the school house was $60.00. The Court held that it involved only a pecuniary question, and, the amount being less than $100.00, the appeal had been improvidently granted.

In the present case the question is not a pecuniary one. As the matter concerns appellant, it is a question of its right to pass, and enforce, a city ordinance, which it insists is lawful and reasonable; and from the view point of the appellee, it concerns her right to make certain repairs on, and in her house, free from interference by the city authorities, without which

repairs she can not enjoy the use of her property. As the statute now allows an appeal from an order refusing to dissolve, as well as from an order dissolving, an injunction, the right to an appeal in a case where the whole matter is disposed of on the merits by a decree disposing of the temporary injunction, would seem to be mutual. And no one, we think, would question Mrs. Harvey's right to appeal from the decree if it had dissolved the injunction; because such a decree would, in effect, have denied her the beneficial use of her property.

*Second.* Is the ordinance complained of susceptible of the construction which the council has given it?

The Acts of 1901, chapter 151, section 28, amending the charter of the City of Elkins, among other things, empowers the council "to provide for the regular building of houses or other structures and to provide for the kind of material to be used in the construction thereof; * * * * and generally to have power to take such measures as are deemed necessary or advisable to protect persons and property, public or private within the city."

Sec. 42 of said Act further preserves to the city "all the rights, powers and responsibilities" which it had prior to this act, that is, such rights and powers as were granted to it under chapter 47 of the Code. By section 28 of chapter 47, the council of cities is empowered "to make regulations guarding against danger or damage by fire."

Pursuant to authority thus granted, the council passed the following ordinance, No. XII: "Any person desiring to erect a new building of any kind, or to alter, change or repair any building of any kind heretofore erected shall submit to the council the general plan of such new building and the purposes for which it is proposed to use the same, or if it is proposed to change, alter or repair an old building the specifications shall state the nature of such proposed change, the purposes for which the old building was used and the purpose to which it is intended to use it after such change is made and in either event shall designate the street, alley, road, lot or land on which it is proposed to erect such new building or upon which the old building stands and shall do no work whatever upon any such building until a permit has been obtained from the city council."

In the case of *Christie* v. *Malden,* 23 W. Va. 667, the law on

this subject is thus stated: "A municipal corporation possesses and can exercise the following powers and no other: 1st, those granted in express words by its charter or the general statutes under which it is incorporated; 2nd, those necessarily or fairly implied in or incident to the powers thus expressly granted; and 3rd, those essential to the declared purposes of the corporation—not simply convenient but indispensable." See also, *City of Newton* v. *Belger,* 143 Mass. 598; *The First National Bank of Mt. Vernon* v. *Sarlis,* 129 Ind. 201.

"The courts will review the question as to the reasonableness of ordinances passed under a grant of power general in its nature or under incidental or implied municipal powers, and if any given ordinance is found unreasonable will declare it void as a matter of law." McQuillin on Munic. Ord., sec. 182, and authorities there cited; *Christie* v. *Malden, supra.*

The same rules which govern in the construction and interpretation of an act of the legislature, will apply and govern in the determination of the true intent and meaning of a city ordinance; and this Court has said that: "Whenever an act of the legislature can be so construed and applied as to avoid conflict with a constitutional provision, and give it the force of law, such construction will be adopted." *Typewriter Co.* v. *Piggott,* 60 W. Va. 533.

So, by analogy, whenever a city ordinance can be so construed and applied as to avoid a conflict with natural, fundamental and necessary rights of property, and thus give it the force of law, such construction will be adopted. Applying this rule of construction to the ordinance in question, and comparing it with the law authorizing the city "to provide for the regular building of houses or other structures and to provide for the kind of material to be used in the construction thereof; * * * * and generally to have power to take such measures as are deemed necessary or advisable to protect persons and property, public or private within the city," we would not undertake to say that the City of Elkins has not the power to pass such an ordinance. But our conclusion is that upon the facts presented in the present case the city has made an unreasonable application of it. It would be both unjust and unreasonable to permit a city, by virtue of such an ordinance, to deny to one of its citizens the right to make the repairs above enumerated. Such repairs

are not only necessary to the preservation of the property itself, but the health and comfort of the occupants as well.

We find no error in the decree appealed from and affirm it with costs and damages to appellee.

*Affirmed.*