# CHARLESTON.

HANLEY *v.* CITY OF ELKINS.

Submitted March 2, 1910.   Decided February 14, 1911.

1. MUNICIPAL CORPORATIONS—*Taxation—Recovery of Tax Paid.*
    In order to entitle a plaintiff to recover from a municipality a tax alleged to have been levied by it without authority of law, and paid under compulsion, he must prove that the tax was illegal and void.

2. SAME—*Presumptions—Validity of Tax.*
    If it appears from the charter of such municipality that it had the right, in any event, to levy the tax which is sought to be recovered, it will be presumed, in the absence of proof, that the tax was lawful.

Error to Circuit Court, Randolph County.

Action by James Hanley against the City of Elkins. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*James A. Bent,* for plaintiff in error.

*Samuel T. Spears,* for defendant in error.

WILLIAMS, PRESIDENT:

This is an action by James Hanley against the City of Elkins to recover what is alleged to be an illegal tax assessed by the city against his lot for street paving, and which he claims was paid to the city collector under protest and by compulsion. There are no pleadings in the case. The action was instituted before a justice of the peace, and, after judgment an appeal was taken to the circuit court of Randolph county and the case there tried by the judge in lieu of a jury, upon an agreed statement of facts.

There is no question concerning plaintiff's right to sue the city and recover the amount of the tax, provided the levy was illegal and void, and provided he paid it to the city collector under compulsion or its legal equivalent, and the collector had turned it over to the city's use. 2 Cooley on Taxation, page 1489, and numerous cases cited in note. The tax which plaintiff seeks to recover was a special street paving tax levied upon his lot abutting on the street. Was this tax illegal and void? That depends upon whether or not the city had authority under its charter to levy such a tax. We held in *Harvey* v. *City of Elkins,* 65 W. Va. 305, that the city charter, which is the charter under which the present alleged illegal tax was levied, preserved to the city such rights and powers as it had under chapter 47 of the Code previous to the enactment of its new charter, which is chapter 151 of the Acts of 1901. Section 34 of chapter 47 authorizes a city, town or village to pave its streets upon the "petition in writing of the persons owning the greater amount of frontage of the lots abutting on both sides of any street or alley, between any two cross-streets, or between a cross street and alley;" and to assess two thirds of the costs of such paving to the owners of the lots abutting on such street. The agreed facts do not show whether, or not, the paving in this instance was done upon petition. Seeing, then, that the City of Elkins had authority under its charter to levy a street paving tax upon abutting property owners, upon certain conditions, we must assume that those conditions were complied with before the levy was made, in the absence of proof to the contrary. The burden is on plaintiff to prove his case. The invalidity of the tax is a fact essential to his right of recovery. It does not appear from the agreed facts, which is all the evidence appearing in the record, that the paving tax was not lawfully and properly levied.

We see no error in the judgment complained of, and we will affirm it.

*Affirmed.*