CHARLES O. ELLISON

*v.*

THE CITY OF PARKERSBURG,

*A Municipal Corporation*

(No. 15139)

Decided December 11, 1981.

*George J. Cozensa* for appellant.

*Orville L. Hardman* for appellee.

McHugh, Justice:

This is an appeal by the City of Parkersburg from an order of the Circuit Court of Wood County, entered on June 2, 1980, which granted appellee Charles O. Ellison's motion for summary judgment. The circuit court, in that order held a Parkersburg City Ordinance to be void and of no further force and effect. Specifically, it held that Parkersburg Code § 955.07(a) [1979], exceeded the grant of authority from the State to the city because it placed the charges for solid waste collection and disposal services upon the owners of real estate in the City. The appellant does not contest the appropriateness of summary judgment in this case but rather argues that the circuit court incorrectly decided the issue of law presented by the case.

W. Va. Code, 8-13-13 [1971], provides, in pertinent part:

> Notwithstanding any charter provisions to the contrary, every municipality which furnishes any essential or special municipal service, including ... the collection and disposal of garbage, refuse, waste, ashes, trash and any other similar matter, shall have plenary power and authority to provide by ordinance for the installation, continuance, maintenance or improvement of such service, to make reasonable regulations with respect thereto, and to impose by ordinance upon the users of such service reasonable rates, fees and charges to be collected in the manner specified in the ordinance. . . .

Parkersburg Code § 955.07 [1979], provides, in pertinent part:

> (a) Each property owner or occupant of a residential unit shall be responsible for the payment of a charge of Forty-eight Dollars ($48.00) per year for solid waste collection and disposal service per residential unit.
>
> . . .
>
> (b) The rates and charges specified by Section (a) herein shall be billed to the owners of each and every residential unit provided, that upon application by the occupant of any residential unit, filed

with the Director of Finance and accompanied by an appropriate affidavit showing the occupant's status as such, such bills may be rendered to the occupant. . . .

Relying on *McCoy v. Sistersville*, 120 W. Va. 471, 199 S.E. 260 (1938), the appellee argues that the ordinance is invalid because it imposes a charge for the collection and disposal of solid waste on owners and occupants of residential units rather than on the "users of such service."

The City of Parkersburg admits "that only users of a sanitation service provided by a municipality can be charged with its cost." The city argues, however, that the ordinance here in question is designed to, and in fact does, charge the users of the waste collection and disposal service. The city argues that the ordinance follows the dictates of the statute in recognizing that an owner of a residential unit may or may not be its occupant. That distinction, according to the city, thereby recognizes the existence of leasehold interests in real estate which would bear upon the determination of who is using the waste collection and disposal service. The city argues that the mere fact that, initially, the owner of the property served is billed for the service does not mean that the user is not the one who will be responsible for payment. Counsel for the city points out that "as a practical matter, it is virtually impossible for any City to monitor the occupants of each residential unit within the municipal corporate limits." The system implemented by the ordinance is, according to the city, fair because it provides the flexibility needed to hold the user responsible either by notice from the occupant-user to the Director of Finance or by inclusion of the cost in rental agreements between a property owner (landlord) and the occupant of a residential unit (tenant). The city argues, "[T]his flexibility for the user as well as the collector (the City of Parkersburg), through recognition of contractual relationships between owners and occupants, affords a degree of fair application of the Ordinance which could not be achieved by a more narrowly drawn piece of legislation."

In *McCoy v. Sistersville, supra,* this Court held, at Syl. pt. 2:

> "An ordinance of a city . . . providing for specified essential or special services, governmental in their nature, the cost of which, under the act, may be imposed on the users thereof, will not be held to be within the act where the cost of such services is imposed on property or the owners of property to the exclusion of other users of such services."

That case involved a predecessor statute to *W. Va. Code,* 8-13-13, *see* n. 1, *infra,* and an omnibus municipal ordinance which provided for "the assessment of rates, fees, and rentals for five essential or special services: (1) Fire protection; (2) street lighting; (3) sanitary sewerage; (4) garbage collection; and (5) street cleaning." 120 W. Va. at 472, 199 S.E. at 261.

McCoy, a property owner in Sistersville, challenged the charges as an additional, illegal, tax upon property and the city defended the charges on a special assessment rationale. This Court upheld the charge for fire protection, reasoning that "the owners of the buildings and chattels may fairly be said to be users of the services provided." 120 W. Va. at 478, 199 S.E. at 263. The other charges, however, were held to be void because the "legislative authority is wholly lacking. . . ." *Id.* The ordinance in that case held the owner of a household liable for payment of the charge for garbage collection to the exclusion of all others including the occupant of the household if he were not the owner. 120 W. Va. at 475, 199 S.E. at 262.

*McCoy v. Sistersville, supra,* is distinguishable from the case presently before us. The ordinance in *McCoy v. Sistersville* charged only the owners of property and not the occupants. The ordinance here charges owners and occupants. Unlike the ordinance in *McCoy v. Sistersville,* the ordinance here under consideration does not impose "the cost of such services . . . on property or the owners of property *to the exclusion of other users of such services.*" (Emphasis added.) Parkersburg's ordinance, rather, sets up a method whereby liability for the charge is shared between the owner and occupant of the property with a

provision for notification to the city of who is the user in fact of the service.

*W. Va. Code*, 8-13-13 [1971] gives a municipality "plenary power and authority" in regard to essential or special municipal services.[1] "Plenary power" is commonly defined as: "Authority and power as broad as is required in a given case." *Black's Law Dictionary*, p. 1039 (5th ed. 1979). Although the statute is silent as to the method by which users of essential or special services may be identified and billed for such service, it does grant the municipality discretion in this regard by providing that the charges are "to be collected in the manner specified in the ordinance."

The standard of review of an ordinance exercising such power as that granted by *W. Va. Code*, 8-13-13 [1971] is the reasonableness of the ordinance. *See Harvey v. Elkins*, 65 W. Va. 305, 64 S.E.247 (1909). The determination of whether an ordinance reasonably serves the purpose for which it was enacted is initially made by the municipal authorities. Their passage of the ordinance gives it a presumptive validity and a court should not hold the ordinance to be invalid unless it is clear that the ordinance is unreasonable. *Henderson v. Bluefield*, 98 W. Va. 640, 127 S.E. 492 (1925). The question, therefore, is whether the Parkersburg ordinance uses a reasonable method for the identification of the users of the city's waste collection and disposal service.[2]

---

[1] The statute involved in *McCoy v. Sistersville* did not grant the municipalities of this State "plenary power and authority" in regard to special or essential services, but merely provided that "the municipal authority may by proper ordinance provide for ... such special service." *W. Va. Code*, 8-4-20 [1933]. The "plenary power and authority" language was adopted by the Legislature after this Court's decision in *McCoy v. Sistersville. See* 1969 *W. Va. Acts* c. 86.

[2] An examination of waste collection and disposal ordinances from various municipalities in this State reveals that different cities have adopted widely varying methods of identifying and billing the users of municipal waste collection and disposal services. For example, some cities charge on the basis of "family service." White Sulphur Springs Code § 9-35-1 [1957]; Morgantown Code § 14-16 [1971]. Wheeling charges on the basis of subscription to the city water service. Wheeling Code § 925.12 [1949]. Other municipalities require subscrip

The purpose of the ordinance in this case is to provide for the installation, continuance, maintenance or improvement of an essential or special service and to impose reasonable rates, fees and charges on the users of that service as authorized by *W. Va. Code*, 8-13-13 [1971]. In order to effectuate that purpose the city has imposed a charge against "each property owner or occupant of a residential unit." Parkersburg Code § 955.07(a) [1979]. The ordinance, in § 955.07(b), provides that initially, as between the owner and the occupant of the residential unit, the owner will be billed for the service. The ordinance also provides that the occupant may be billed upon notifying the Director of Finance of his status as occupant of the premises served.

In operation this system should work fairly and effectively to serve the purpose of placing the cost of the services on the user of the service. Where the owner is also the occupant of the residential unit it is clear that the proper party is being billed. Where the owner is a landlord he will be billed for the service but, upon notice to the Director of Finance, the occupant will be billed directly. Alternatively, the landlord-owner may pay the charge and then pass the cost on to his tenant. In either case the user ultimately pays the fee. We do not think that it is inherently unreasonable for the city to initially bill the owner of the property, whose identity is readily ascertainable, and to leave the question of who actually pays to the private parties involved.

We, therefore, hold that the Circuit Court of Wood County erred in ruling the ordinance to have been without statutory authorization. The order of the Circuit Court of Wood County, entered on June 2, 1980, which held the ordinance

tion to their waste collection and disposal service. St. Albans Code § 9-14 [1975]; Martinsburg Code § 30-6 [1952]. Yet other municipalities have set up a sophisticated system of classification and assessment. *See* Martinsburg Code 30-26 [1952]; Montgomery Code § 13-17 [1977]; Morgantown Code § 14-16 [1971]. Bluefield has a provision essentially the same as the one here under consideration. Bluefield Code § 8-4 [1980].

to be "null and void and of no force and effect" is, therefore, reversed.

*Reversed.*