408 S.E.2d 646

**TOWN OF BURNSVILLE, a Municipal Corporation, Plaintiff Below, Appellant,**

**v.**

**KWIK–PIK, INC., a West Virginia Corporation; Seventy–Niner, Inc., a West Virginia Corporation; and Roger M. Nettles, Individually and as Officer and Shareholder of Said Corporations, Defendants Below, Appellees.**

**No. 19901.**

Supreme Court of Appeals of West Virginia.

Submitted May 7, 1991.

Decided July 25, 1991.

Robert Reed Sowa, Sutton, for appellant.

Joseph W. Wagoner, Haller & Wagoner, Weston, for appellees.

Gordon H. Copland, Steptoe & Johnson, Clarksburg, for amicus curiae, West Virginia Mun. Attys. Conference, Inc.

MILLER, Chief Justice:

This is an appeal from a final order of the Circuit Court of Braxton County, entered on May 24, 1990, which denied relief in a civil action brought by the Town of Burnsville to recover local business and occupational (B & O) taxes owed by the defendants below, Kwik–Pik, Inc., Seventy–Niner, Inc., and Roger M. Nettles. The circuit court ruled that the Town's B & O tax ordinance was not in conformity with the legislative grant of authority to impose such taxes and was, therefore, invalid. We reverse the judgment of the circuit court.

The Town of Burnsville (Town) is a Class IV municipal corporation[1] located in Braxton County. Defendants Kwik–Pik, Inc., and Seventy–Niner, Inc., operate a convenience store and a restaurant, respectively, within the Town corporate limits. Defendant Roger M. Nettles is an officer and shareholder of both of the defendant corporations.

In April 1987, and again in August 1987, the Town notified the defendants that neither corporation had paid municipal B & O taxes since 1984 and that litigation could be expected if they were not paid soon. From January 1, 1988, to February 1, 1988, the Town offered a tax amnesty program, waiving penalties for late payment of overdue taxes and interest. The defendants did not avail themselves of this program.

On May 26, 1988, the Town filed suit against the defendants in the Circuit Court of Braxton County, seeking to recover the unpaid taxes, plus interest and penalties, and to enjoin the defendants from conducting business within the Town limits until such amounts had been paid. The defendants responded with a motion to dismiss the complaint under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, alleging that the B & O tax ordinance established a rate contrary to the legislative grant of taxing power.

Thereafter, the parties moved for summary judgment. After a hearing at which the parties presented their arguments, the circuit court, by order entered May 24, 1990, concluded that the ordinance was not in conformity with the legislative grant of taxing authority. The court further concluded that it lacked the power to conform the Town's ordinance to the statutory requirements. The court, therefore, held that the ordinance was invalid and granted summary judgment in favor of the defendants.[2]

Before addressing the issues raised in this appeal, it is helpful to review some of the ordinances and statutory provisions which are essential to an understanding of this dispute. In 1980, the Town reenacted its municipal B & O tax ordinance to provide for an annual tax "against any person, firm or corporation on account of business and other activities carried on within the Town of Burnsville," including businesses of the type operated by the defendants.[3]

---

1. W.Va.Code, 8–1–3 (1969), describes a Class IV town or village as a "municipal corporation with a population of two thousand or less."

2. The exact nature of the lower court's ruling is unclear. The record before this Court reveals no pleadings filed by the defendants in response to the complaint other than the motion to dismiss. Under Rule 12(b) of the West Virginia Rules of Civil Procedure, such a defense "may at the option of the pleader be made by motion" rather than by an answer. Where, as here, matters outside the pleadings are submitted in support of such a motion, "the motion shall be treated as one for summary judgment[.]" W.Va. R.Civ.P. 12(b); *United States Fidelity & Guar. Co. v. Hathaway,* 183 W.Va. 165, 394 S.E.2d 764 (1990); *Dunn v. Consolidation Coal Co.,* 180 W.Va. 681, 379 S.E.2d 485 (1989); *Chapman v.*

*Kane Transfer Co.,* 160 W. Va. 530, 236 S.E.2d 207 (1977).

3. Section 4–203 of the Burnsville Municipal Code provides, in pertinent part:

"*Levy of Taxes.* There is hereby levied and shall be collected annual privilege taxes in the amount to be determined by the application of rates against gross income set forth in 4–203(a) to (f), inclusive, against any person, firm or corporation on account of business and other activities carried on within the Town of Burnsville.

   \*    \*    \*    \*    \*    \*

"(a) Upon every person, firm or corporation engaging or continuing within the said Town of Burnsville in the business of selling any tangible property whatsoever, real or per-

The Town's authority to impose such taxes was derived from W.Va.Code, 8–13–5 (1972), which authorized municipalities to impose for their own use on businesses within the corporate limits a tax "similar" to the state B & O tax contained in W.Va. Code, 11–13–1, *et seq.*[4] In 1985, however, the legislature began phasing out the state B & O tax. The legislature deleted from the state statute provisions for the levy and collection of B & O taxes on most businesses, including those in which the defendants are engaged, after June 30, 1987. *See* W.Va.Code, 11–13–2 (1985). At the same time, the legislature enacted W.Va.Code, 11–13–28 (1985), which expressly rendered these omitted provisions "inoperative" as of July 1, 1987.[5] Most of these inoperative provisions were later expressly repealed. *See* 1989 W.Va. Acts, 1st Ex.Sess., ch. 2.

The legislature, however, preserved the power of municipalities to levy and collect local B & O taxes. In 1985 the legislature amended W.Va.Code, 8–13–5, to authorize municipalities to impose a local B & O tax on "any business activity or occupation for which the state imposed its annual business and occupation or privilege tax ... prior to" July 1, 1987.[6]

The defendants assert that the municipal B & O tax ordinance is in conflict with the enabling statute, W.Va.Code, 8–13–5, in the following respects: (1) the ordinance imposed a tax rate on the defendants' businesses in excess of the rate previously imposed by the State on such activity; (2) the ordinance failed to provide exemptions similar to those previously provided by the State; and (3) the ordinance failed to set forth interest and penalty provisions similar to those previously provided by the State. In addition, the defendants argue

---

sonal, including the sale of food, and the services incident to the sale of food in hotels, restaurants, cafeterias, confectioneries, and other public eating houses, ... there is hereby levied, and shall be collected, a tax equivalent to one-half of one percent of the gross income of the business[.]"

**4.** W.Va.Code, 8–13–5 (1972), provided:
"Whenever any business or occupation, upon which the State imposes an annual business and occupation or privilege tax under article thirteen [§ 11–13–1 et seq.], chapter eleven of this Code, is engaged in or carried on within the corporate limits of any municipality, the governing body thereof shall have plenary power and authority, unless prohibited by general law, to impose a similar business and occupation or privilege tax thereon for the use of the municipality: Provided, that in no case shall the rate of such municipal business and occupation or privilege tax on a particular activity exceed the rate imposed by the State, exclusive of surtaxes, and the ordinance imposing such tax shall conform with the provisions of said article thirteen as to the waiver of penalties: Provided, however, that no municipality shall impose a business and occupation or privilege tax upon any businesses, occupations or privileges taxed under sections two-a, two-b, two-c, two-d, two-e, two-g, two-h, two-i and two-j [§§ 11–13–2a to 11–13–2e, 11–13–2g to 11–13–2j] of said article thirteen chapter eleven in excess of the rates in effect under said article thirteen on January one, one thousand nine hundred fifty-nine or in excess of one percent of gross income under section two-k [§ 11–13–2k] of said article thirteen.

"Any taxes levied pursuant to the authority of this section may be made operative as of the first day of the current fiscal year and each year thereafter: Provided further, that any new imposition of tax or any increase in the rate of tax upon any business, occupations or privileges taxed under section two-e [§ 11–13–2e] shall apply only to gross income derived from contracts entered into after the effective date of such imposition of tax or rate increase, and which effective date shall not be retroactive in any respect."

**5.** W.Va.Code, 11–13–28(a) (1985), provided, in pertinent part: "The provisions of sections two-a, two-b, two-c, two-e, two-g, two-h, two-i, two-j, two-k and two-l [§§ 11–13–2a to 11–13–2c, 11–13–2e, 11–13–2g to 11–13–2l] of this article are inoperative as of the first day of July, one thousand nine hundred eighty-seven."

**6.** W.Va.Code, 8–13–5(a) (1985), provided:
"*Authorization to impose tax.*—Whenever any business activity or occupation for which the state imposed its annual business and occupation or privilege tax under article thirteen, chapter eleven [§§ 11–13–1 et seq.] of this code, prior to July one, one thousand nine hundred eighty-seven, is engaged in or carried on within the corporate limits of any municipality, the governing body thereof shall have plenary power and authority, unless prohibited by general law, to impose a similar business and occupation tax thereon for the use of the municipality."
This provision remains in effect today. *See* W.Va.Code, 8–13–5(a) (1988).

that the language of the ordinance itself precludes the Town from levying B & O taxes on any business which is not currently subject to the State B & O tax.

■ Certain general legal principles are applicable to municipal ordinances. In Syllabus Point 1 of *Davidson v. Shoney's Big Boy Restaurant*, 181 W.Va. 65, 380 S.E.2d 232 (1989), we stated:

> " 'When a provision of a municipal ordinance is inconsistent or in conflict with a statute enacted by the Legislature the statute prevails and the municipal ordinance is of no force and effect.' Syllabus Point 1, *Vector Co. v. Board of Zoning Appeals*, 155 W.Va. 362, 184 S.E.2d 301 (1971)."

We have also recognized that "the rules for construing statutes also apply to the interpretation of municipal ordinances. *Harvey v. City of Elkins*, 65 W.Va. 305, 64 S.E. 247 (1909); 6 *McQuillin Municipal Corporations* § 20.39 (3rd ed. 1980)." *Cogan v. City of Wheeling*, 166 W.Va. 393, 395–96, 274 S.E.2d 516, 518 (1981). *See also City of Bluefield v. McClaugherty*, 64 W.Va. 536, 63 S.E. 363 (1908). There is generally a presumption that an ordinance is valid when it appears that its subject matter is within a municipality's power and it has been lawfully adopted. The burden of proof is on the person asserting that the ordinance is invalid. *See Perdue v. Ferguson*, 177 W.Va. 44, 350 S.E.2d 555 (1986); *Ellison v. City of Parkersburg*, 168 W.Va. 468, 284 S.E.2d 903 (1981); *Henderson v. City of Bluefield*, 98 W.Va. 640, 127 S.E. 492 (1925); *Harrold v. City of Huntington*, 74 W.Va. 538, 82 S.E. 476 (1914). *See generally* 6 *McQuillin Municipal Corporations* § 20.06 (3d rev. ed. 1988).

**A.**

■ The first contention is that the Town's ordinance is invalid because it imposed a tax rate in excess of the State's B & O tax rate. The appellees are in the business of selling tangible personal property. The state B & O tax rate applicable to such activity on January 1, 1959, was one-half of one percent.[7] This is the same rate established in the Town's ordinance for the same type of business.[8]

The alleged disparity arises from the fact that the state B & O tax rate on such businesses varied throughout the period in question. In 1980, the state tax rate was "fifty-five one-hundredths of one percent [.55%] of the gross income of the business[.]" W.Va.Code, 11–13–2c (1971). In 1983, the legislature provided for an annual 5 percent reduction in the state B & O tax rate over a five-year period beginning on July 1, 1985.[9] This reduction lasted for two years, until the legislature rendered the state B & O tax inoperative for most businesses in 1987.[10] The defendants contend that these reductions brought the state B & O tax rate below the Town's rate of .50 percent, thereby rendering the Town's tax invalid.

In this respect, W.Va.Code, 8–13–5 (1972), was rather awkwardly worded. The statute specified that the municipal B & O tax on a particular activity shall not "exceed the rate imposed by the State." This provision was followed immediately, however, by a proviso which limited the municipal B & O tax on a variety of identified businesses and occupations, including those of the defendants, to the state B & O tax

---

**7.** W.Va.Code, 11–13–2c (1955), stated, in relevant part:

> "Upon every person engaging or continuing within this state in the business of selling any tangible property whatsoever, real or personal, including the sale of food … there is likewise hereby levied, and shall be collected, a tax equivalent to one-half of one per cent of the gross income of the business[.]"

**8.** *See* note 3, *supra*.

**9.** The relevant portion of W.Va.Code, 11–13–2 (1983), states:

> "During the five-year period, beginning on the first day of July, one thousand nine hundred eighty-five and through the thirtieth day of June, one thousand nine hundred ninety, the taxes imposed by this section and at the rates set forth in sections two-a through two-m [§§ 11–13–2a to 11–13–2m] … shall be reduced by five percent for each year thereof through reduction of the rates applicable and in effect on the first day of July, one thousand nine hundred eight-five[.]"

**10.** *See* note 5, *supra*.

rate that was in effect on January 1, 1959.[11] The language of the proviso has been carried forward in subsequent revisions of W.Va.Code, 8–13–5;[12] however, the requirement that the municipal tax rate not exceed the current state tax rate has not.

There can be no doubt that the legislature's purpose was to limit municipal B & O taxes to the rate imposed by the State on the same businesses on January 1, 1959. The municipal tax rate was separate from and no longer geared to the current state B & O tax rates. This conclusion is reinforced by the language in W.Va.Code, 11–13–25, which also limits the municipal B & O tax rate on the identified businesses to the state B & O tax rate in effect on January 1, 1959.[13] Thus, the Town's B & O tax rate on the defendants' businesses is controlled by the State's rate in effect on January 1, 1959. As we have seen, the Town's rate does not exceed that limitation.

Consequently, we conclude that under W.Va.Code, 8–13–5, and W.Va.Code, 11–13–

25, the maximum municipal B & O tax rate on the business of selling tangible personal property is one-half of one percent of the gross income of the business. This rate has historically been independent of the state B & O tax rate. Consequently, we find no merit in this argument.

### B.

■ The defendants also asserted below that the ordinance was invalid because it did not contain similar exemptions to those provided under the state B & O tax scheme. At the time the ordinance was enacted, W.Va.Code, 11–13–3 (1978), entitled each taxpayer to an annual exemption of "fifty dollars in amount of tax computed under the provisions of this article." Section 4–204 of the Burnsville Municipal Code provided for an identical monetary exemption of $50.00. In 1983, W.Va.Code, 11–13–3, was amended to provide for a monthly monetary exemption. This had the effect of increasing the total amount of the monetary exemption at the state level.[14] The

**11.** We have traditionally held that a proviso in a statute will modify or qualify the preceding subject to which it refers. *E.g.*, Syllabus Point 2, *State v. Ellsworth J.R.*, 175 W.Va. 64, 331 S.E.2d 503 (1985); *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 305 S.E.2d 268 (1983).

**12.** In W.Va.Code, 8–13–5 (1985), this language was no longer contained in a proviso, but in a separate subsection:

"(b) *Maximum tax rates.*—In no case shall the rate of such municipal business and occupation or privilege tax on a particular activity exceed the maximum rate imposed by the state, exclusive of surtaxes, upon any business activities or privileges taxed under sections two-a, two-b, two-c, two-d, two-e, two-g, two-h, two-i and two-j [§§ 11–13–2a to 11–13–2e, 11–13–2g to 11–13–2j], article thirteen of said chapter eleven, as such rates were in effect under said article thirteen, on January one, one thousand nine hundred fifty-nine, or in excess of one percent of gross income under section two-k [§ 11–13–2k] of said article thirteen, or in excess of three tenths of one percent of gross value or gross proceeds of sale under section two-m [§ 11–13–2m] of said article thirteen."

This provision appears verbatim in the current statute, W.Va.Code, 8–13–5 (1988).

**13.** W.Va.Code, 11–13–25 (1978), in relevant part, states:

"Notwithstanding the provisions of section five [§ 8–13–5], article thirteen, chapter eight of this Code, no city, town or village shall impose a business and occupation tax:

"(a) Upon occupations or privileges taxed under sections two-a, two-b, two-c, two-d, two-e, two-g, two-h, two-i and two-j [§§ 11–13–2a to 11–13–2e, 11–13–2g to 11–13–2j] of this article, in excess of rates in effect under this article on January one, one thousand nine hundred fifty nine[.]"

**14.** W.Va.Code, 11–13–3 (1983), provides, in pertinent part:

"For any tax imposed under the provisions of this article with respect to (a) the period beginning on and after the first day of July, one thousand nine hundred eighty-three, and through the thirtieth day of June, one thousand nine hundred eighty-four, there shall be an exemption in every case of twenty-five dollars per month; (b) the period beginning on and after the first day of July, one thousand nine hundred eighty-four, and through the thirtieth day of June, one thousand nine hundred eighty-five, there shall be an exemption in every case of thirty-three dollars and thirty-three cents per month; and (c) the period beginning on or after the first day of July, one thousand nine hundred eighty-five, there shall be an exemption in every case of forty-one dollars and sixty-seven cents per month in amount of tax computed under the provisions of this article."

Town apparently did not follow suit until January of 1986.

The defendants argue that the Town's failure to increase the monetary exemption is a material difference which renders the entire ordinance invalid. We do not agree.

The legislative grant of power in W.Va. Code, 8–13–5 (1972), to enact a municipal B & O tax does not contain any language with regard to monetary exemptions.[15] Although this section has been amended since 1972, none of the amended statutes required a municipal B & O tax ordinance to have a monetary exemption or that such exemption be the same as the state B & O tax monetary exemption.

Moreover, in an August 26, 1988 letter made part of the record, the then-State Tax Commissioner advised the attorney for the Town that W.Va.Code, 8–13–5(d) (1985), providing for preservation of certain activity exemptions,[16] was drafted by Tax Department employees with knowledge that municipal monetary exemptions were calibrated to municipal rather than state tax rates. He stated that uniform application of the state monetary exemptions "would have caused a number of revenue loss problems and administrative problems at the municipal level" and concluded that while municipalities were free to enact monetary exemptions, they were not statutorily required to do so.

We conclude that the legislature, in enacting the municipal B & O tax statute, W.Va.Code, 8–13–5, did not intend to require a municipality to provide a monetary exemption to local B & O taxes. Such a monetary exemption is optional. Conse-quently, we reject the defendant's argument that the Town's B & O tax ordinance was invalid because it did not have a monetary exemption identical to the one in the State's B & O tax.

### C.

■ The defendants next contend that the Town's ordinance is invalid because its interest and penalty provisions did not correspond to those of the state tax. W.Va. Code, 8–13–5(g) (1985), required municipalities to enact procedures for the assessment and collection of B & O taxes "similar" to those in the State Code and to "conform" with the provisions relating to "waiver of penalties and additions to tax." [17]

W.Va.Code, 11–10–17 (1978), set the rate of interest on underpayments of taxes at eight percent per annum. The legislature subsequently amended the statute to provide that after July 1, 1986, the rate of interest would be computed by the State Tax Commissioner in accordance with a formula set out in W.Va.Code, 11–10–17a (1986). The latter provision specified that in no case would the rate of interest fall below eight percent per annum.

State law also provided for additions to tax in the nature of penalties. At the time the Town's ordinance was reenacted, W.Va. Code, 11–10–18 (1978), provided for additions to net tax of up to twenty-five percent for failing to file a return or for failing to pay tax owed and of up to fifty percent for doing so with a fraudulent intent. Subsequent amendments to the statute left these provisions substantially the same. *See* W.Va.Code, 11–10–18 (1986).

---

**15.** For the text of W.Va.Code, 8–13–5 (1972), see note 4, *supra.*

**16.** W.Va.Code, 8–13–5(d) (1985), stated:
"*Exemptions.*—A municipality shall not impose its business and occupation or privilege tax on any activity that was exempt from the state's business and occupation tax under the provisions of section three, article thirteen [§ 11–13–3] of said chapter eleven, prior to July one, one thousand nine hundred eighty-seven, and determined without regard to any annual or monthly monetary exemption also specified therein."
This provision was carried forward into the present statute, W.Va.Code, 8–13–5(d) (1988).

**17.** W.Va.Code, 8–13–5(g) (1985), stated:

"*Administrative provisions.*—The ordinance of a municipality imposing a business and occupation or privilege tax shall provide procedures for the assessment and collection of such tax, which shall be similar to those procedures in article thirteen, chapter eleven [§ 11–13–1 *et seq.*] of this code, as in existence on June thirtieth, one thousand nine hundred seventy-eight, or to those procedures in article ten, chapter eleven [§§ 11–10–1 *et seq.*] of this code, and shall conform with such provisions as they relate to waiver of penalties and additions to tax."
The current statute, W.Va.Code, 8–13–5 (1988), contains an identical provision.

Section 4–214 of the Burnsville Municipal Code provides a penalty for failure to file a return or pay taxes in the amount of five percent of the unpaid tax for the first month of delinquency and one percent for each month thereafter. The ordinance also provides for an additional penalty in the amount of twenty-five percent of the total tax in cases where the failure to pay is due to fraud or intent to avoid the municipal B & O tax.[18]

We do not see how these provisions are detrimental to the defendants. The provisions for municipal penalties and additions to tax are well within the limits set under W.Va.Code, 11–10–18. If anything, the provisions of the municipal ordinance are more favorable to the delinquent taxpayer than those of the state statutes. To that extent, the municipal ordinance is not in conflict with state law. Such generosity is not grounds for invalidating the tax ordinance.

### D.

■ The defendants' last contention is that even if the Town's ordinance con-

formed in all material respects to the enabling legislation, it nevertheless became unenforceable as to the defendants' businesses on July 1, 1987, when the state B & O tax on such businesses became inoperative. Section 4–201 of the Burnsville Municipal Code states that the Town council has plenary power to impose local B & O taxes on "any business or occupation upon which the State of West Virginia imposes an annual business and occupation or privilege tax[.]"[19] The defendants claim that because the Town did not amend this provision to reflect the legislature's reservation to municipalities of the right to levy local B & O taxes after July 1, 1987, on businesses and activities formerly subject to the state B & O tax, the Town is now prohibited from levying a B & O tax on any business, including the defendants', which is not currently subject to the state B & O tax.[20]

We do not believe this provision limits the Town's power to impose local B & O taxes. Section 4–201 is clearly patterned after W.Va.Code, 8–13–5 (1972), the statute which delegated to the Town the power to tax local business activity.[21] Section 4–201

18. Section 4–214 provides, in pertinent part:
"If any taxpayer fails to make the return required by this article, or makes his return but fails to remit in whole or in part the proper amount of tax, there shall be added to the amount of tax unpaid, from the date such tax should have been paid, a penalty in the amount of five per cent of the tax for the first month or fraction thereof of delinquency and one percent of the tax for each succeeding month or fraction thereof of delinquency; provided, that if such failure is due to reasonable cause, the Town Recorder or the council may waive or remit in whole or in part these penalties.
"If the failure to pay is due to fraud or intent to evade this article and the rules and regulations promulgated thereunder, there shall be added an additional penalty of twenty-five per cent of the amount of the tax exclusive of penalties."

19. Section 4–201 of the Burnsville Municipal Code provides, in pertinent part:
"*Authority to Levy Business and Occupation or Privilege Tax.* Whenever any business or occupation upon which the State of West Virginia imposes an annual business and occupation or privilege tax under the provisions of the state code, is engaged in or carried on within the corporate limits of the town, the

council shall have plenary power and authority, unless prohibited by general law, to impose a similar business and occupation or privilege tax thereon for the use of the town; provided, that in no case shall the rate of such town business and occupation or privilege tax on a particular activity exceed the rate imposed by the state, exclusive of surtaxes, and the ordinance imposing such tax shall conform with the provisions of said state code as to the waiver of penalties."

20. The State currently levies B & O taxes on public service or utility businesses, on businesses generating or producing electric power, and on the business of gas storage. *See* W.Va.Code, 11–13–2d (1989); W.Va.Code, 11–13–2e (1989); W.Va.Code, 11–13–2m (1989).

21. We refer to the 1972 version of W.Va.Code, 8–13–5, because it was applicable at the time the Town enacted its B & O ordinance in 1980. The legislature had originally delegated to municipalities the power to enact a municipal B & O tax in 1947. *See* 1947 W.Va. Acts, Ex.Sess., ch. 3. We have recognized that this statute "constitutes a legal delegation of the taxing power of the State to its municipalities[.]" Syllabus Point 1, in part, *Baldwin v. City of Martinsburg*, 133 W.Va. 513, 56 S.E.2d 886 (1949). *See generally*

does not purport to authorize the Town to levy such a tax, a power that rests solely with the legislature, or to impose the tax itself, a function that was fulfilled by other provisions of the ordinance.

■ Viewed in this light, Section 4–201 is similar to a recital of authority or reference to the statute which authorizes enactment of an ordinance. Such provisions are not ordinarily necessary to the validity of an ordinance, and, therefore, an error in such a provision does not invalidate the ordinance so long as the power to enact it does, in fact, exist. *See Ralston Purina Co. v. Acrey*, 220 Ga. 788, 142 S.E.2d 66 (1965); *State v. Clark*, 88 Idaho 365, 399 P.2d 955 (1965); *State v. Smith*, 265 N.C. 173, 143 S.E.2d 293 (1965); *In re 1966 Earned Income Tax Ordinance of Wilkes–Barre*, 208 Pa.Super. 424, 222 A.2d 499 (1966). *See generally 5 McQuillin Municipal Corporations § 16.14 (3d rev. ed. 1989).* W.Va. Code, 8–13–5 (1985), clearly preserved the power of the Town to levy B & O taxes on the types of businesses in which the defendants are engaged after the elimination of the state B & O tax. Section 4–201 is, then, mere surplusage and has no effect on the other provisions of the Town's B & O tax ordinance.

■ We also reject the defendants' argument that this result runs counter to the general rule that tax statutes and ordinances are to be strictly construed against the government. *See Ballard's Farm Sausage, Inc. v. Dailey*, 162 W.Va. 10, 246 S.E.2d 265 (1978); *State ex rel. Battle v. Baltimore & O. R.R. Co.*, 149 W.Va. 810, 143 S.E.2d 331 (1965), *cert. denied*, 384 U.S. 970, 86 S.Ct. 1859, 16 L.Ed.2d 681 (1966); *Hukle v. City of Huntington*, 134 W.Va. 249, 58 S.E.2d 780 (1950). We recognized in *Neal v. City of Huntington*, 151 W.Va. 1051, 158 S.E.2d 223 (1967), that in the construction of tax laws, we still must apply our general rules of statutory construction with a view toward upholding the legislative intent. Strict construction should not be used, however, to defeat tax legislation that is reasonably clear in its meaning.

" 'The rule that tax laws are to be construed strictly against the municipality and in favor of the taxpayer does not take precedence over other fundamental rules of statutory construction. The judicial construction should be in keeping with the natural and probable legislative purpose, and avoid conflict, and harmonize all the applicable provisions of the law on the subject, if possible. * * *' 16 McQuillin, Municipal Corporations (3rd Ed.Rev.), Section 44.12, page 42.... '[Strict construction] must not be pushed so far as to defeat the legislative purpose by mere construction, but an interpretation of the statute must be given in accordance with its real intention and meaning, if that is clearly discoverable. * * *' " 151 W.Va. at 1056, 158 S.E.2d at 226, *quoting* 84 C.J.S. *Taxation* § 58b at 158–59.

*See also In re Wheeling Steel Corp. Assessment*, 137 W.Va. 653, 73 S.E.2d 644 (1952); *Bonham v. City of Charleston*, 84 W.Va. 407, 100 S.E. 222 (1919); *Pleasants County Court v. Brammer*, 68 W.Va. 25, 69 S.E. 450 (1910). *See generally* 16 *McQuillin Municipal Corporations § 44.12 (3d rev. ed. 1984).*

One of the fundamental rules of statutory construction was stated in Syllabus Point 2 of *Cogan v. City of Wheeling, supra:*

" 'Where there are two permissible constructions of an ordinance, one rendering it valid and the other invalid, the former should be preferred.' Syl. pt. 1, *City of Huntington v. Huntington Water Corporation*, 119 W.Va. 420, 194 S.E. 617 (1937)."

Here, the defendants would have us strike down the entire tax ordinance because Section 4–201 fails to reflect that most of the state B & O tax has been repealed. In order to do this, we would have to blind ourselves to the undisputed fact that the legislature has authorized the continuation of municipal B & O taxes. This we refuse to do; and we reject this claim by the defendants.

16 *McQuillin Municipal Corporations* § 44.191 (3d rev. ed. 1984).

For the foregoing reasons, we find the municipal ordinance to be valid. We, therefore, reverse the final order of the Circuit Court of Braxton County, and we remand the case for such further proceedings as may be necessary, to be conducted in accordance with the principles enunciated in this opinion.

Reversed and remanded.