534 S.E.2d 403

**William R. DEAN, et al., Plaintiff Below, Appellee,**

v.

**TOWN OF ADDISON, Defendant Below, Appellant.**

No. 27463.

Supreme Court of Appeals of West Virginia.

Submitted June 13, 2000.

Decided July 10, 2000.

---

William W. Talbott, Esq., Webster Springs, West Virginia, Howard J. Blyler, Esq., Cowen, West Virginia, Attorneys for Appellees.

E. Scott Stanton, Esq., Summersville, West Virginia, Attorney for Appellant.

Dennis R. Vaughn, Jr., Esq., April Robertson Boughton, Esq., Charleston, West Virginia, Attorneys for Amicus Curiae West Virginia Municipal League, Inc.

McGRAW, Justice:

In this case, the Town of Addison appeals a grant of summary judgment against it and in favor of a group of town residents. The residents filed a class action lawsuit to challenge the validity of a "fire service fee" levied by the Town of Addison and used to support the local volunteer fire department, which fights fires both within, and without, the corporate limits of the municipality. The lower court found that the Town was applying its fee in an unconstitutional fashion by using the fee to support a volunteer fire department that also protected non-residents. We disagree with the decision of the lower court, and reverse.

## I.

## BACKGROUND

Local citizens formed the Webster Springs Volunteer Fire Department, Incorporated (the "VFD"), in the early 1940's, and since that time the VFD has protected the Town of Addison and surrounding area from fire. To avoid confusion, we take notice of the fact that the Town of Addison is actually what most think of as the community of Webster Springs.[1]

For years, the VFD has fought fires both in the Town, and outside of Town, in various outlying communities. The Town does not have its own municipal fire department and "contracts" with the VFD for fire protection.[2] Historically, in exchange for fire protection, the Town housed the VFD in one half of city hall and made other payments in support of the VFD from the Town's general revenue fund. The VFD also conducted its own fund-raising activities and received money on occasion from Webster County, the State of West Virginia, and other sources.

In 1988, the Town mayor and council decided to implement a "fire protection ordinance," that would require residents of the Town to pay a fee for fire protection. They presented this ordinance to the people of the Town, who adopted it by a majority vote. The fee is a charge assessed against the owner of a property within the municipal limits of $75 on each property, plus $30 per unit for residential apartments. The record shows that, since implementing the fee, the Town has used some of the proceeds to pay for fire fighting infrastructure in the Town, such as hydrants, but the great majority of the money raised by the fee has gone to the VFD.

The money paid by the Town to the VFD is used to pay for utilities to the VFD's quarters in city hall, and to make payments on a relatively new fire truck, purchased by and titled in the name of the VFD. The VFD uses this truck for fire calls both within and without Town limits. Although the truck sometimes leaves the Town to fight a fire or appear in a parade, the VFD makes arrangements to have comparable fire-fighting equipment available for use in the Town.

The current group of plaintiffs filed suit in January 1998, and became certified as a class in June of 1998. The citizens of the Town were given the chance to opt out of the class and about one quarter of the 350 citizens did opt out. The remaining 265 class members claim, in this case, to be making an applied challenge to the ordinance.[3] They claimed in

---

1. This community was incorporated in 1892 as the Town of Addison and named for Addison McLaughlin, upon whose land the founders laid out the town. Since that time, the town has become known as Webster Springs, but has never changed its official corporate name from Addison. For purposes of this opinion we shall refer to it simply as "the Town."

2. According to deposition testimony from an earlier, similar proceeding concerning the ordinance that was part of the record of the instant case, there is no formal written contract between the Town and the VFD for fire protection. However, for years, both parties have continued to perform as if there were a written agreement, with the Town providing financial support and the VFD fighting fires in the Town as needed.

3. In 1989, some of the same plaintiffs filed a *facial* challenge to the same ordinance, arguing that W. Va.Code § 8–15–3 allows municipalities to levy a fire service fee only if the municipality maintains its own fire department. Thus, the plaintiffs argued, because the Town has no fire department of its own, it should not have been permitted to asses a fire service fee and the ordinance should be ruled invalid. The judge in that case sided with the Town and found the ordinance to be valid. This Court subsequently refused the plaintiffs' petition for appeal.

the instant suit that the ordinance, although constitutional as written, was being applied unconstitutionally. The plaintiffs argued that the Town's decision to give the funds raised by the ordinance to the VFD violated the equal protection clauses of the state and federal constitutions because the plaintiffs were forced to pay for fire protection, but people living outside the corporate limits had to pay nothing at all for the same protection.

The circuit court in the instant case granted the plaintiffs' motion for summary judgment and ruled in an order dated June 18, 1999, that the tax was not unconstitutional on its face, but was applied in an unconstitutional fashion, because "the fees collected [were] being used to provide fire protection for residential and commercial property owners whose property [was] located outside the municipal boundaries of the Town of Addison." The Town now appeals that decision, and for the reasons set forth below, we reverse.

## II.

### STANDARD OF REVIEW

Both the lower court's standard for granting a motion for summary judgment and our own standard of review for such a decision, are well known:

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). A party moving for summary judgment faces a well-established burden: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Cas. & Surety Co. v. Federal Insur. Co. of New*

*York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

*Mallet v. Pickens*, 206 W.Va. 145, 147, 522 S.E.2d 436, 438 (1999). In this case, we agree that there was no genuine issue of fact to be tried, as the parties do not dispute one another's view of the facts, but we still review the ruling of the lower court, *de novo*. Additionally, we have described our standard of review when called upon to examine city ordinances such as the one now at issue:

The standard of review of an ordinance exercising such power as that granted by W. Va.Code, 8–13–13 [1971] is the reasonableness of the ordinance. *See Harvey v. Elkins*, 65 W.Va. 305, 64 S.E. 247 (1909). The determination of whether an ordinance reasonably serves the purpose for which it was enacted is initially made by the municipal authorities. Their passage of the ordinance gives it a presumptive validity and a court should not hold the ordinance to be invalid unless it is clear that the ordinance is unreasonable. *Henderson v. Bluefield*, 98 W.Va. 640, 127 S.E. 492 (1925).

*Ellison v. City of Parkersburg*, 168 W.Va. 468, 472, 284 S.E.2d 903, 906 (1981). Bearing this standard in mind, we turn to the arguments of the parties.

## III.

### DISCUSSION

The statutes in question show that municipalities have the power to "provide for the organization, equipment and government of volunteer fire companies" and may "procure proper implements for such companies." W. Va.Code § 18–15–1 (1969).[4] It is also clear that municipalities can impose fees for pro-

---

4. The full text reads:
   The governing body of every municipality shall have plenary power and authority to provide for the prevention and extinguishment of fires, and, for this purpose, it may, among other things, regulate how buildings shall be constructed, procure proper engines and implements, provide for the organization, equipment and government of volunteer fire companies or of a paid fire department, prescribe the powers and duties of such companies or department and of the several officers, provide for the appointment of officers to have command of fire fighting, prescribe what their powers and duties shall be, and impose on those who fail or refuse to obey any lawful command of such officers any penalty which the governing body is authorized by law to impose for the violation of an ordinance. It may give authority to any such officer or officers to direct the pulling down or destroying of any fence, house, building or other thing, if deemed necessary to prevent the spreading of a fire.
   W. Va.Code § 18–15–1 (1969).

viding fire service. W. Va.Code § 8–13–13 (1971) provides in pertinent part that:

> [E]very municipality which furnishes any essential or special municipal service, including, but not limited to, police and fire protection, . . . shall have plenary power and authority to provide by ordinance for the installation, continuance, maintenance or improvement of such service, to make reasonable regulations with respect thereto, and to impose by ordinance upon the users of such service reasonable rates, fees and charges to be collected in the manner specified in the ordinance. . . .

W. Va.Code § 8–13–13 (1971).

Although debate has raged over what separates a permissible "fee" from an impermissible "tax" we have, on several occasions, found fees similar to the one at issue to be permissible under our constitution. *See, e.g.: City of Huntington v. Bacon*, 196 W.Va. 457, 473 S.E.2d 743 (1996) (ordinance imposing fee for the sole purpose of defraying the cost of fire and flood protection services is a user fee rather than a tax and therefore, is not in violation of the Tax Limitation Amendment found in *W. Va. Const.* Art. X, § 1); *City of Princeton v. Stamper*, 195 W.Va. 685, 466 S.E.2d 536, (1995) (ordinance imposing fee on the collection and removal of residential refuse regardless of actual use is a reasonable and valid exercise of the police powers granted to the City of Princeton under W. Va. Code, 8–13–13 [1971] ); *Ellison v. City of Parkersburg*, 168 W.Va. 468, 284 S.E.2d 903 (1981) (ordinance imposing fee for solid waste collection and disposal service per residential unit does not exceed the grant of authority given to municipalities by W. Va.Code, 8–13–13 [1971] ).

■ The plaintiffs had, in their earlier case, argued that, because the Town of Addison does not *itself* "furnish" fire protection, that it has no authority to levy a fee for fire protection. Plaintiffs again raise that argument in this appeal, but we are no more persuaded by this argument than was the trial court in the first case. The Town sees

to it that its residents are "furnished" fire protection. We see no requirement in the Code that a municipality itself employ the individuals providing a given service.

The primary argument made by the plaintiffs in this case is that the Town is not applying the statute, as written, and in so doing is violating the constitutional rights of its residents. The ordinance reads in relevant part:

> The revenues received from the collection of fire protection fees provided for in this Ordinance shall be used *only* to defray the costs of and the continuance, maintenance, or improvement of fire protection services within the Town of Addison, and no part of such revenues shall be used for any other municipal purpose.

Fire Protection Service Ordinance of the Town of Addison, section 6 (emphasis added). The plaintiffs argued successfully below that the word "only" applies to the phrase "within the Town of Addison ." That is, that the fees raised by the ordinance could *only* be used in the Town of Addison, and not anywhere else. The Town argues that the word "only" applies to the purpose, that is "only to defray. . . [the costs of fire protection]" and not any other municipal purpose, such as street paving or police protection.[5]

■ The logical conclusion of the plaintiffs' argument is that, because the ordinance only allows the fire fee money to be spent in Town, any fire protection provided anywhere outside of Town by the VFD, which is receiving the fire fee money, must, *ipso facto*, be a violation of both the ordinance, and the state and federal constitutions. We disagree, because we find that the Town is not using the money generated by the fee to pay for the fire protection of non-residents.

To the contrary, the Town is simply contracting (albeit informally) for some entity, in this case the VFD, to provide fire protection. The Town and the VFD arrived at a price for this fire protection, and that is what the residents of the Town pay in the form of the

**5.** The Town also argues that this entire question was already decided in the earlier case and collateral estoppel should bar the current action. Because we hold that the ordinance is both constitutional and is being applied in a constitutionally permissible fashion, we do not address that assignment of error.

fire service fee. While it is true that the VFD also provides fire protection for people living outside of the Town, it is equally true that the VFD receives money from other sources, such as the county, the State, and from the general public through various fundraising efforts. All of this money supports the activities of the VFD.

In this case, the Town apparently made truck payments and certain utility payments for the VFD, but as money is fungible, isolating what the Town "paid for" in this case is really drawing a distinction without a difference. It does not matter if the Town uses the money generated by the fee to pay for the truck and the VFD pays for oxygen tanks and axes, or vice versa, if all the money is used to provide fire protection to the Town, and the amount expended is reasonable in proportion to the service provided.

Counsel for both sides agreed that, on average over the last several years, the payments from the Town have represented about 23 percent of the VFD's annual budget, and that approximately 47 percent of the calls to which the VFD responded have occurred within the limits of the Town. In our view, as long as the amount contributed by the Town to the VFD, including fees and other support, does not exceed the VFD's reasonable cost of providing roughly 47 percent of its services, then the citizens of the Town are not paying for the fire protection of non-residents.[6] Thus, we hold that a municipality may, pursuant to W. Va.Code § 8–13–13 (1971), collect a fire service fee from its residents and pay that fee to a local volunteer fire department, even though that volunteer fire department also furnishes fire protection to non-residents, provided that the amount paid in fees by the residents reasonably reflects the cost of protecting the municipality from fire.

Provided that the Town continues to use any funds generated by the fire service fee solely for fire protection efforts, and provided that the amounts contributed by the Town to the VFD continue to reasonably reflect the true cost of providing fire protection to the citizens of the Town, the fire protection fee will remain valid, and the Town of Addison may continue to collect the fee.

## IV.

## CONCLUSION

For the reasons set forth above, the decision of the Circuit Court of Webster County is reversed.

Reversed.

---

**6.** Indeed, according to these statistics, it appears that the Town residents, at least in their limited role as Town residents, are paying less than is needed to cover the actual cost of responding to fires within the municipal limits. However we recognize that the Town residents may also contribute directly to the VFD at fundraising events, or indirectly as citizens of Webster County and the State of West Virginia.